## 9473

### BROOKLAND BANK v. MARTIN *ET AL.*

(89 S. E. 546.)

1. BILLS AND NOTES—ACTION—BURDEN OF PROOF—PAYEE'S FRAUD.—The indorser of a note before delivery has the burden of showing that his signature was secured by the payee's deceit.

2. FRAUD—PLEADING—ALLEGATIONS.—A pleading alleging fraud should designate the intent, and then the words spoken or deeds done in furtherance thereof.

3. BILLS AND NOTES—ACTIONS—WEIGHT OF EVIDENCE—FRAUD.—A landlord's testimony that he indorsed his tenant's note because of the payee's fraud, not reading it, and intending to sign only a waiver of rent, is entitled to no weight, where he could read and admitted receiving part of the note's proceeds to apply on overdue rent.

Before BOWMAN, J., Columbia, October, 1915.   Affirmed.

Action by the Brookland Bank against John F. Martin and A. W. Martin.   Judgment for plaintiff, and defendant, A. W. Martin, appeals.

*Messrs. DePass & DePass,* for appellant, submit: *Fraud vitiates contract:* 71 S. C. 153.   *Negligence:* 26 S. C. 91. *Direction of verdict:* 71 S. C. 148.

*Messrs. W. W. Hawes* and *D. W. Robinson,* for plaintiff, submit: *Fraud is not sufficiently charged in pleadings:* 65 S. C. 184; 96 S. C. 242; 9 Enc. Pl. & Pr. 184.   *Not sustained by evidence:* 99 S. C. 421; 88 S. C. 267; 78 S. C. 556; 79 S. C. 340; 74 S. C. 559; 71 S. C. 155.   *Fraud must be shown to authorize variance of contract:* 83 S. C. 206-208; 91 S. C. 320.   *At the best, defendant's evidence shows that*

---

FOOTNOTE.—With reference to presumptions and burden of proof as to fraud, see notes in 1 A. & E. Ann. Cas. 809 to 812, 4 L. R. A. 832, 9 L. R. A. 464, 33 L. R. A. (N. S.) 837.

*if he misunderstood the paper and obligation he signed, it was due to his own negligence in failing to read it, or to have it read to him, and that the plaintiff used no, chicanery, trick, or device, to keep him from reading it, or to mislead him in regard thereto:* 9 S. C. 41; 71 S. C. 155; 132 C. C. A. 427, 216 Fed. 281; 91 U. S. 45, 23 L. Ed. 205; 118 N. C. 738-9, 24 S. E. 538; 78 S. C. 422-3; 26 S. C. 96; 62 S. C. 12.

July 19, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action on two notes, one for $100, and one for $2,200; verdict directed for the plaintiff; appeal by the defendant, A. W. Martin.

The appellant's counsel conceded at the hearing that a verdict ought to have been directed as to the small note. The appellant's counsel also stated at the hearing that there was only one issue to be decided, and that was whether A. W. Martin signed the large note under a misrepresentation of the bank. The one exception is, that the complaint alleged a cause of fraud and misrepresentation, and that the testimony tended to prove it.

It is now settled that if only one reasonable conclusion may be drawn from all the testimony, then the Court ought to declare that conclusion by direction to the jury. *Howell* v. *Railroad,* 99 S. C. 421, 83 S. E. 639; *Dutton* v. *Railroad,* 104 S. C. 16, 88 S. E. 263. The rule so stated, while it admits of diversity of judgment, is the only practicable rule which may be formulated.

The defendant, A. W. Martin, is a landlord, he was a farmer; but he removed from the farm to Brookland to open a "little store."

John Martin was a tenant on the farm and was to pay $240 rent for the year 1913; and he had been a tenant for three or four years before 1913. On March 14, 1913, John F. Martin executed to the plaintiff a note for $2,200. The defendant, A. W. Martin, signed his name across the back of the note and expressly guaranteed its payment.

1. At the trial he sought to prove a totally different transaction from that evidenced by the note. To do that the defendant set out to allege and prove—and that he must do to escape liability—that the real transaction was not written down, and that by reason of the deceit of the plaintiff. The burden was upon him to show that, and his failure thereabouts lets fall his defense and entitles the plaintiff to recover on a transaction altogether regular and proven but for the defendant's contention.

2. The answer hardly pleads fraud by the bank; it does not in words; it does allege that the bank misrepresented the transaction, and falsely so; it does not allege that the bank had the secret and wicked purpose to deceive the defendant, and proceeded by denominated words and acts to carry out that intent.

A complaint for fraud, like an indictment for crime, ought to signalize first the intent, and then the words spoken, and the acts done to carry out the intent.

3. But giving the largest meaning to the answer, construing it liberally, the proof fell far short of making out any fraud. The defendant's evidence is inconsistent with itself. He testified that he intended only to sign a waiver of his rent; yet he admitted, "I got $200 out of the $2,200 loan for the rent of 1912."

The defendant was asked, "When you signed your name to that, what did Mr. Trotti (the bank president) say to you?" He answered, "Didn't say anything; just said sign

here; no explanation given at all." And that statement, or its equivalent, was repeated; and the same thing was testified to by the defendant's other witness, Bostick. It is true, the defendant said he expected Mr. Trotti to write down that which they had aforetime agreed on; but he was a merchant, could read and write, and he says he never read that which he signed; his words were, "I do not pay attention to anything like that." Testimony like that amounts to nothing when it is put alongside of the defendant's written promise, and when the defendant got $200 cash out of the promise.

The Court's plain duty was to direct a verdict, and the judgment is affirmed.