12632

SMITH v. VANDIVER

(147 S. E., 645)

*Messrs. Allen & Doyle,* and *Watkins & Prince,* for appellant,

*Messrs. Wolfe & Miller,* for respondent,

April 5, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages alleged to have been suffered by the plaintiff, a depositor of the People's Bank of Anderson, as the result of fraudulent representations made to her by the defendant while president of the bank.

The defendant demurred to the complaint as follows: "That it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action, in that (1) there is no allegation therein that the alleged statements of the defendant as set out in paragraph 8 of the complaint were untrue when made; (2) there is no allegation therein that said statements at the time of their alleged utterance were known by the defendant to be untrue, or that defendant was culpably ignorant of their truth or falsehood; (3) there is no allegation in the complaint of any intent to deceive or to defraud, and no fact therein alleged from which said intent can reasonably be inferred."

The Court, in an order dated March 13, 1928, overruled the demurrer. From this order the defendant appeals and imputes error.

The sole question presented by the appeal is: Does the complaint, for the reasons set forth in the demurrer, fail to state a cause of action grounded upon fraud or deceit?

The rules with respect to pleading the falsity of representations and the scienter, in such actions, are well stated in 27 C. J., at page 33:

"It must be averred in a direct manner, or at least substantially, that the representations set out were false; and except where it is sought to base liability on representations true when made but false when acted upon, it must be averred that the representations were false when made."

"Except in those jurisdictions where a scienter is not an essential element of actionable fraud, it is necessary that a scienter be alleged. It is not always necessary, however, that knowledge of the falsity of the representations be allaged in so many words."

As to pleading intent, at page 34 it is said: "Except in those jurisdictions where an innocent misrepresentation may be actionable, a pleading setting up actual fraud must allege that the representations were made fraudulently: that is, it must aver that they were made with intent to deceive, or must allege facts from which such intent can be legitimately inferred. But it has been held that no particular form of words is necessary. An expressed averment of the intent is not required, but it is sufficient if the existence of the intent can be clearly inferred from the allegations. Thus if the declaration or complaint sufficiently avers a scienter and that defendant intended the representations to be acted upon by plaintiff, so that the intent to deceive can be legitimately inferred according to rules previously stated, it is sufficient."

See, also, 12 R. C. L., p. 421.

In *Brookland Bank v. Martin,* 105 S. C., 72, 89 S. E., 546, this Court said: "A complaint for fraud, like an indictment for crime, ought to signalize first the intent, and then the words spoken, and the acts done to carry out the intent."

While the foregoing statement was not necessary to the decision of that case, it may be taken as an expression of the Court's view that the fraudulent intent must be pleaded. We do not think, however, that the intent need be "signalized" by express averment, but it is sufficient if it can be legitimately inferred from the allegations of the pleading.

The complaint alleges, and for the purposes of the demurrer its allegations are admitted as true, that on July 8, 1919, the People's Bank of Anderson was a solvent banking institution, and that on that date the father of plaintiff deposited, on savings account, to her credit the sum of $2,000; that in June, 1921, the president of the bank died, and soon thereafter the defendant, who had been, for a considerable time prior thereto, closely and intimately connected with the executive management of the bank, was made president, and in that capacity was practically in sole charge of its executive affairs, and was conversant with its financial condition or with such facts as charged him with such knowledge at all times during such connection; that shortly before the Christmas holidays of 1921, in view of certain rumors being circulated, plaintiff went with her mother to the bank and stated to the defendant that she had apprehensions as to the bank's stability and that she desired and intended to withdraw her deposit therefrom; that the bank was then open and to all appearances doing business in the usual way; and that there was at that time sufficient cash and cash assets in its possession to have paid her the amount of her deposit and accrued interest. Paragraph 8 of the complaint is as follows: "That the defendant, E. P. Vandiver, as president of said bank, assured plaintiff in the presence of her mother as aforesaid, that the financial condition of the bank was better and that the bank was sounder than it had been for five years and that as long as he was at the head of it, its doors would not be closed."

It is further alleged that the plaintiff, relying upon these assurances of the defendant, advised him that she would

let her deposit remain with the bank; that on January 17, 1922, the State Bank Examiner closed the doors of the bank as an insolvent institution and unable to continue business; that thereafter an attempt was made to continue it in business, but that on January 5, 1923, by order of the Court, it was finally closed for liquidation as hopelessly insolvent and unable to function; that at the time of the plaintiff's visit to the bank in the winter of 1921, when she advised defendant that she intended to withdraw her deposit, he knew of the bank's unsoundness and its imminent danger of collapse; that his representations were the sole reason moving and inducing her to let her money remain on deposit, that she had no other means of ascertaining the truth or falsity of the rumors that the bank was unsound, and that the defendant knew and had reason to anticipate that she would govern her action in the matter upon his representations as to the condition of the bank; that she relied upon his statements; and that she was deceived thereby to her loss and damage in the sum of $2,036.52, with interest.

We think that, tested by the principles announced, the complaint states a cause of action. It is sufficiently alleged that the statements made by the defendant which induced the plaintiff to leave her deposit in the bank were untrue when made, and that the defendant then knew them to be untrue, or in his position, as the chief executive officer of the bank, if he was ignorant of their truth or falsity, such ignorance was culpable and inexcusable. From these allegations, and the further allegation that the defendant knew that the plaintiff's actions in the matter would be governed by his representations as to the bank's financial condition, fraudulent intent that his assurances should be acted upon by the plaintiff may be reasonably inferred.

The order appealed from is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Carter concur.