The opinion of the Court was delivered by
 

 Mr. Justice BeEase.
 

 The complaint of the respondent alleged, and the appellant admitted the allegations, that on July 21, 1928, the respondent insured his Chrysler coach automobile with the appellant, and, in the contract of indemnity, the appellant “agreed to defend in behalf of the insured any claim or suit against the assured, even if groundless, brought on account of bodily injury or property damage covered by this policy and agreed by their policy or contract to pay any judgment recovered against this plaintiff up to the sum of Five Thousand ($5,000.00) Dollars as set forth in said policy"; that
 
 *384
 
 while the policy was of force, a suit was instituted in the Court of Common Pleas for Richland county by Mrs. W. D. Love against the respondent and the automobile mentioned, covered by the policy, on account of an accident, occurring while the respondent was driving the said automobile, wherein Mrs. Love received injuries, which suit the appellant failed to defend, and which resulted in a judgment against the respondent for the sum of $1,166.66 in favor of Mrs. Love, with Court costs amounting to $10.15; that the respondent also incurred liability for attorney’s fees in the sum of $250.00; that the appellant had declined to pay the amount of the judgment to the respondent, and, accordingly, it had breached its contract with him. Judgment was demanded by the respondent against the appellant for the total sum of $1,426.81.
 

 The respondent also set forth, which the appellant denied, allegations to the effect “that prior to the filing of said suit, due and timely notice had been given to the agents of the defendant (appellant) herein, and they knew of the existence of said claim which was covered by said policy.”
 

 In defense, the appellant alleged, and that allegation is admitted by the respondent, that the contract of insurance contained the following clause: “The assured shall give immediate written notice of any accident, and like notice of any claim or suit resulting therefrom, together with every summons or other process, to the executive office of the company at Baltimore, Maryland, or to its authorized representative.”
 

 In connection with that clause of the contract, the appellant averred a violation thereof by the respondent, and set forth that the accident, wherein Mrs. Love was injured, occurred on or about August 14, 1928, and no written notice was given it by the respondent until on or about September 28, 1928; and that the appellant, upon receipt of that notice, given too late, had denied liability to the respondent, because there had been a forfeiture of the policy, according
 
 *385
 
 to its terms, for the failure of the respondent to “give immediate written notice” of the accident as required by the terms of the contract.
 

 Along with the defense of failure to give the required notice, and not as separate defenses, the appellant set up what it now contends was the defense that the respondent did not make proper effort “to minimize his damages in every manner possible”; and the other defense that there was “collusion” on the part of Mrs. Love and the respondent to require the appellant to pay the
 
 alleged claim
 
 of Mrs. Love, without any intention that Mrs, Love should ever collect any damages from the respondent. The contention of the appellant that it set up the defense of collusion or fraud on the ■part of the respondent is contested by the respondent.
 

 The case proceeded to trial in the County Court of Rich-land County before Hon. M. S. Whaley, the Judge of that Court, and a jury. After making certain rulings as to the issues involved, and hearing the evidence in the case, which he decided was responsive to those issues the trial Judge refused to direct a verdict in favor of the appellant, and directed one in favor of the respondent for the sum of $1,166.66. The amount of this judgment was the amount of the judgment and costs obtained against the respondent by Mrs. Love. The question of the attorneys’ fees, alleged by the respondent,' and denied by the appellant, seems not to have been passed on by the County Judge, and was reserved, it appears, for future determination. Because of the adverse judgment, the appellant has come to this Court.
 

 There are six exceptions. Perhaps all of them, with the. exception of only one, are not in accord with the rules of this Court, properly interpreted. The exceptions and the “statement” have but one virtue — they are concise.
 

 Appellant’s first contention is that there was error on the part of the Judge “in ruling out the question of collusion between Mrs. Love and the assured.” We suppose appellant intends by the use of the word “collu
 
 *386
 
 sion” to suggest that it set up a defense of
 
 fraud
 
 on account of the conduct of the respondent and Mrs. Love.
 

 “Collusion in judicial proceedings is a secret agreement between two persons that the one should institute a suit against the other, in order to obtain the decision of a judicial tribunal for some sinister purpose. * * *” 11 C. J., 1220.
 

 “Collusion” is fraud.
 
 Id.
 
 If the appellant desired to plead fraud or collusion on the part of the respondent and Mrs. Love, the appellant had the right to do so, if it had the facts upon which to found that defense. We cannot find in the answer, however, any language which we can construe as setting up fraud or collusion. In connection with its rather indefinite effort to allege that the respondent did not minimize his damages, as he should have done, the appellant did say, in effect, that Mrs. Love had made statements that she would not hold the respondent liable for any damage which she might have suffered, and that her suit against the respondent was brought for the sole purpose of making the appellant pay such damages as might be awarded her, and that all these facts were well known to the respondent.
 

 Said Mr. Justice Gage in
 
 Brookland Bank v. Martin,
 
 105 S. C., 72, 89 S. E., 546, 547: “A complaint for fraud, like an indictment for crime, ought to signalize first the intent, and then the words spoken, and the acts done to carry out the intent.” The same rule as to a complaint based on fraud should apply, of course, to an answer which seeks to allege fraud.
 

 Referring to the quoted language of Mr. Justice Gage, Mr. Justice Stabler, speaking for our Court, said this: “While the foregoing statement was not necessary to the decision of that case, it may be taken as an expression of the Court’s view that the fraudulent intent must be pleaded. We do not think, however, that the intent need be ‘signalized’ by express averment, but it is sufficient if it can be legitimately
 
 *387
 
 inferred from the allegations of the pleading.”
 
 Smith v. Vandiver,
 
 149 S. C., 540, 147 S. E., 645, 646.
 

 Our Courts are very liberal as to pleadings, but we cannot go too far with this liberality. A defendant ought to know from the language of the complaint of the plaintiff whether or not he is charged with fraud. Likewise, the plaintiff in an action should be plainly advised if the defendant in his answer intends to charge him with fraud. The language of the answer in this case was not sufficient to give the respondent notice that the appellant intended to charge any fraud or collusion. At most, the answer intimated or insinuated things; it did not allege. The trial Judge was right in his ruling as to this matter.
 

 Appellant’s second exception charges error on the part of the Court in not permitting it to go into the question of the respondent’s liability to Mrs. Love
 
 de novo.
 
 The third exception questions the ruling of the Court to the effect that the testimony of “Mrs. Love and others” would not be relevant on the question of minimizing damages. Both exceptions will be considered together. While in the answer the appellant did say “it was the duty of said plaintiff to minimize his damages in every manner possible,” it is right questionable if the instrument properly alleged the failure of the respondent to perform his duty. Eor the purpose of considering the exceptions, however, and in the absence of any attack on the pleading on the part of the respondent, we will regard the answer as endeavoring to set forth a claim as to minimizing damages.
 

 Mrs. Love had a judgment of a Court of record, and one of competent jurisdiction, against the respondent for the damages she alleged she had received in the accident, occurring from the respondent’s use of his automobile. The appellant admitted the existence of that judgment, and made no attack, in a legal way, upon its validity. The judgment was conclusive of the issues involved in the cáse between Mrs. Love and the respondent. The contract
 
 *388
 
 between the-appellant and the respondent, according- to the pleadings in the cause, was one guaranteeing indemnity against liability. When Mrs. Love obtained her judgment, the liability of the appellant to the respondent for the amount thereof immediately attached, if the respondent had complied with the terms of the contract, even if the respondent had not paid the judgment.
 

 “Where the indemnity is against liability, the cause of action is complete and the indemnitee may recover upon the contract as soon as his liability has become fixed and established, even though he has sustained no actual loss or damage at the time he seeks to recover. Thus, under such a contract, a cause of action accrues to the indemnitee upon the recovery of a judgment against him, and he may recover from the indemnitor without proof of payment of the judgment.” 31 C. J., 438.
 

 The case of
 
 Indemnity Insurance Co. v. Davis, Administrator,
 
 150 Va., 778, 143 S. E., 328, supports the principle announced in Corpus Juris. The facts of that case are very much analagous to the facts of this case, and we are inclined to follow the reasoning and conclusions of the Virginia Court. While not directly in line, but supporting very much those holdings, is our recently filed case of
 
 Piper v. Casualty Company.
 
 See, also,
 
 Pickett v. Fidelity, etc., Co.,
 
 60 S. C., 477, 38 S. E., 160, 629;
 
 Bellune v. Wallace,
 
 31 S. C., L. (2 Rich.), 80;
 
 Ramsey v. Gervais, 2
 
 S. C. L. (2 Bay), 145, 1 Am. Dec., 635.
 

 The rulings of the Court below as to the matters raised by exceptions 2 and 3 are sustained.
 

 The fourth exception complains of error in refusing to grant appellant’s motion for nonsuit, on the ground that the evidence for the respondent clearly showed a forfeiture under the terms of the policy, on account of respondent’s failure to give “immediate written notice” of the accident, in which Mrs. Love received her injuries. The fifth and sixth exceptions question the correctness of the directed verdict in
 
 *389
 
 favor of the respondent for the reason, as held by the County Judge, that the evidence conclusively showed that there had been a waiver on the part of the appellant of the forfeiture of the contract, and no other inference could be drawn from the evidence. These exceptions go to the meat of the case, and will be acted upon at the same time. The fifth exception accords with our rules.
 

 The County Judge was clearly right in refusing the non-suit motion. There was certainly sufficient evidence on the part of the respondent to take the case to the jury on the question of waiver of the forfeiture.
 

 We are forced to disagree, however, with the view of the Judge that it was incumbent upon him "to direct a verdict in favor of the respondent. We do not think it at all necessary to attempt a review of all the evidence concerning the question of waiver, as given by four witnesses, who testified in the case, three for the respondent and one for the appellant, its agent, Mr. Strohecker. In fact, because of the view we have, and to prevent anything we may say affecting a just determination of the cause hereafter, it is best that we do not attempt a recital of the testimony. It is sufficient, we are quite sure, for us to relate that the accident to Mrs. Love, out of which grew her suit, and the resulting judgment against the respondent, occurred on August 14, 1928; written notice to the appellant’s agent was not given, it is admitted by both the parties, until September 28, 1928.
 

 The evidence discloses a contention on the part of the respondent that he had certain conversations with Mr. Strohecker, the admitted agent of the appellant, and a young lady employed by Mr. Strohecker in his office, claimed by the respondent to have been an agent of the appellant, which claim, however, was not admitted by the appellant. The young lady did not testify. Mr. Strohecker denied some of the conversations, and particularly disclaimed any notice of the accident until the giving on or about September 28th of the written notice, upon the receipt of which the appellant advised the
 
 *390
 
 respondent that it denied liability. One of respondent’s own witnesses testified that there was some talk in Mr. Strohecker’s office, in the presence of a stenographer employed therein of the accident. He could not positively say, however, that Mr. Strohecker was present at that time. And this witness said that the most of this talk was “joking and kidding” the respondent as to the accident and the likelihood that he would be sued by a lady for injuries received by her when she was a guest in the respondent’s automobile, and the whole accident had been brought about because a bumblebee intruded itself in the car and gave his unwelcome attention to the respondent, who, at the time, was driving. The testimony of the respondent as to a conversation he had with Mr. Strohecker at the time he filed the written notice of the accident, and as to certain language used by Mr. Strohecker at the time, was admitted in part by Mr. Strohecker and denied in part by him. Some of the testimony of Mr. Strohecker as to these conversations may have been contradictory and conflicting. The same thing may be said also as to the testimony of other witnesses:
 

 The principle is well established that, on motion for a directed verdict, the evidence, must be considered most favorably to the opponent of that motion.
 
 Sanders v. Railroad Company,
 
 143 S. C., 395, 141 S. E., 607.
 

 The jury may properly pass on inferences from determined facts, as well as disputed facts; and contradictions in the testimony of a witness, as well as his credibility, were all for the jury.
 
 Anderson v. Railroad Company,
 
 134 S. C., 185, 132 S. E., 47.
 

 It seems conceded here that the respondent did forfeit his contract by failure to give the notice required therein at the proper time. The question was, if there was a waiver of the forfeiture on the part of the appellant.
 

 This Court has held that the stipulation in a contract, like the one in this case, that notice of an injury should be given the insurer immediately by the in
 
 *391
 
 sured, means that such notice should be given with reasonable promptness under the circumstances.
 
 Edgefield Mfg. Co. v. Maryland Casualty Co.,
 
 78 S. C., 73, 58 S. E., 969. Whether or not the notice required was given with reasonable promptness under the circumstances is generally a question for the jury. In fact, waiver of the forfeiture of an insurance policy is also most generally a question for the jury’s determination.
 
 Whaley v. Insurance Co.,
 
 124 S. C., 173, 117 S. E., 209.
 

 Our Court has shown by numerous recent decisions that we are not favorably inclined to a directed verdict in favor of an insurance company when there is any question as to waiver by such company of a claimed forfeiture. Unless the waiver of the forfeiture is practically conceded by the insurance company, or the evidence shows it without question, in fairness to the company, when an issue of that kind is raised, the insurance company should have the same right accorded the insured, to have a jury’s decision. Without expressing or indicating our opinion as to the weight of the evidence in this case, for or against either of the parties, we cannot say that there was only one reasonable inference to be drawn from all the evidence; therefore, we are bound to think the case should have been submitted to the jury.
 

 Eor the error indicated, it is the judgment of this Court that the judgment below be, and the same is hereby, reversed, and the case be remanded to the County Court of Richland County for a new trial.
 

 Messrs, Justices Cothran, Stabler and Carter, and Mr. Acting Associate Justice Smith concur.
 

 Mr. Chief Justice Watts did not participate.