MINNIE KURZON, Plaintiff, v. UNION RAILWAY COMPANY CF NEW YORK CITY and MAX KURZON, Defendants.

City Court of New York, Bronx County, September 22, 1939.

*Irving E. Kanner*, for the plaintiff.

*William J. McArthur* [*John P. Wourms* of counsel], for the defendant Max Kurzon.

SCHACKNO, J. Defendant Kurzon's motion to bring in Lawrence Kurzon as an additional party defendant, issue a supplemental summons directed to him and amend the answer so as to include a cross-complaint against such impleaded defendant, is granted. The complaint alleges a statutory liability against the defendant Max Kurzon as the owner of a motor vehicle. This defendant asserts that at the time of the accident he was not in the car, which was being driven by Lawrence Kurzon. Defendant Max Kurzon cannot be found liable except in so far as liability will flow from the negligence of the driver of his car. Under such

circumstances a cause of action will accrue in favor of the car owner as against the driver and section 193 of the Civil Practice Act is properly invoked to obtain the relief sought in this motion. The situation here is distinguished from that considered by the Court of Appeals in *Fox* v. *Western N. Y. Motor Lines, Inc.* (257 N. Y. 305). The doctrine enunciated in that case prevents a defendant from impleading a proposed defendant who may be liable *in place of* or *jointly* with him. In this case the driver's liability cannot be asserted *in place of* the owner's liability, which is imposed by statute. (Vehicle and Traffic Law, § 59.) Neither can it be asserted that both driver and owner are joint tort feasors where the owner was not present at the time of the accident and no facts are alleged to assert a claim against him for actual negligence on his own part as a competent producing cause of the accident.

The objection that the affidavit is made by the attorney instead of the moving party is frivolous since it is not denied that the defendant was not in the car while it was being driven by another. The fact that defendant Max Kurzon may be insured is wholly immaterial. A contract of liability insurance is one of indemnity only. Since the carrier acquires a right of subrogation the cause of action over is not affected.

Settle order on notice.