AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff, *v.* FANNIE DIAMOND et al., as Executors of ADOLPH DIAMOND, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, July 9, 1954.

*Frederick M. Garfield* and *Harold M. Harkavy* for plaintiff.

*Bernard Meyerson* for David Diamond, defendant.

*Herman E. Hoberman* for Fannie Diamond and another, as executors of Adolph Diamond, deceased, defendants.

*Evans, Rees, Orr & Walsh* for Alfred E. Covelli, defendant.

SAYPOL, J. Plaintiff issued and delivered its policy of automobile insurance to David Diamond. His mother Fannie borrowed his automobile and while she drove it with her husband as her passenger, it was in collision with the vehicle driven by defendant Covelli. The father was injured and died. Thereupon, Fannie having refused to supply any information of the accident to the plaintiff, joined as coexecutrix in a lawsuit against her son and Covelli. Plaintiff sought for over five months to implead Fannie personally in an action over by David but he refused to verify the complaint. The plaintiff, treating this as a breach of the condition of the policy bespeaking co-operation, thereupon instituted its action for declaratory judgment naming David, Fannie and Covelli, to be relieved from any obligation to defend or indemnify David. The policy contains the standard provisions affording coverage to the insured including one like Fannie who drove the automobile with the owner's permission, and a clause which bespeaks co-operation from the insured in securing and giving evidence and in the conduct of suits. The defendants answered and David also counterclaimed for a declaration that his failure to institute the third-party action was not a breach of the insurance contract. Plaintiff moves for summary judgment (Rules Civ. Prac., rule 113) striking the answers and counterclaim. David urges that since his mother operated his automobile with his permission, she is covered as an insured, that the plaintiff is thus engaging in an empty and fruitless endeavor, for ultimately it would be required to defend and indemnify Fannie. David also urges that plaintiff has not shown that it has been prejudiced by his conduct.

The point of no showing of prejudice is insubstantial. (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271, 276; *Century Ind. Co.* v. *Hartford Acc. & Ind. Co.*, 130 N. Y. S. 2d 844, 847; *American Sur. Co. of N. Y.* v. *Mariani*, 130 N. Y. S. 2d 755, 757.)

It does not appear that plaintiff ever took any position that it was not obligated to defend Fannie, so that I need not pass on that, although it may well be that plaintiff is so relieved either because of her non-co-operation in her refusal to give any statement of her version of the accident or because of the provisions of subdivision 3 of section 167 of the Insurance Law, the policy being silent on the subject of coverage for injuries to the spouse of an insured. (See *Manhattan Cas. Co.* v. *Cholakis*, 206 Misc. 287.)

If there be ambiguity in the insurance contract, it will be construed or interpreted according to the understanding of the average person (*Lachs* v. *Fidelity & Cas. Co. of N. Y.* 306 N. Y.

357), and the insurer, according to the rule *contra proferentem,* will have no benefit of any doubt. (*American Sur. Co. of N. Y. v. Rosenthal,* and cases cited, 206 Misc. 485.) Here there is no ambiguity, compliance with the contract is required and David's failure to verify the third-party complaint constitutes a breach of a condition precedent of the contract so that the contract was terminated and the plaintiff is relieved from defending and indemnifying. (*Coleman* v. *New Amsterdam Cas. Co., supra; Bazar* v. *Great Amer. Ind. Co.,* 306 N. Y. 481; *Century Ind. Co.* v. *Hartford Acc. & Ind. Co., supra; American Sur. Co. of N. Y.* v. *Mariani, supra.*) There are precedents for the procedure of impleader by the owner-defendant claiming to be a passive tort-feasor of the alleged active tort-feasor driver. (*Barrett* v. *Bowen,* 27 N. Y. S. 2d 693; *Chernoff* v. *Wholesome Bakery Products,* 17 N. Y. S. 2d 570; *Kurzon* v. *Union Ry. Co. of N. Y. City,* 172 Misc. 37.)

Plaintiff's motion for summary judgment is granted. Settle order and judgment.