PENNSYLVANIA THRESHERMEN
AND FARMER'S MUTUAL CASUAL-
TY INSURANCE COMPANY, Appel-
lant,

v.

Emily S. OWENS, Appellee.

No. 7233.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 10, 1956.

Decided Nov. 7, 1956.

Joseph R. Young, Charleston, S. C.
(Hagood, Rivers & Young, Charleston,
S. C., on brief), for appellant.

Joseph W. Cabaniss, Charleston, S. C.
(Hope, Willcox & Cabaniss, Charleston,
S. C., on brief), for appellee.

Before SOPER and SOBELOFF, Cir-
cuit Judges, and BRYAN, District Judge.

SOBELOFF, Circuit Judge.

The question to be determined on this
appeal is whether or not the appellant
insurance company has been relieved of
its obligation on a contract of automobile
liability insurance because of a breach
of the policy by the assured.

Pennsylvania Threshermen and Farm-
er's Mutual Casualty Insurance Company
issued its policy to James F. Harter, an
automobile owner living in Charleston,
South Carolina. With his permission,
Robert C. Wood, also of Charleston, was
driving the car in the outskirts of that
city on March 7, 1954, when it came into

collision with another automobile in which the appellee, Emily S. Owens, was a passenger. She suffered injuries and sued both Harter and Wood, owner and driver, respectively, of the insured automobile.

Wood conferred with the insurance company shortly after the accident, and gave it a written statement. In April he assisted the lawyers by verifying an answer to the suit filed against him. At that time he was told that the case could come to trial the following October term, but of course no definite date could then be given him. When the case was about to be reached on the calendar in November, however, the attorneys for the insurance company learned that Wood was no longer in Charleston and could not be located. They gave notice to the plaintiff that for this reason they would defend the suit as to Wood with reservation of rights. The insurance company filed a copy of this notice in court, and attached thereto an affidavit of Wood's wife, who had gone to Indiana to live, stating that she did not know where he was and had no means of communicating with him. The insurance company's lawyers contacted Wood's mother and pastor, but neither could furnish information as to his whereabouts or the means of communicating with him.

Just before the case was called for trial the attorneys for the defendants moved for a continuance and attached a copy of the statement obtained by the adjuster for the insurance company from Wood immediately after the accident. The motion for a continuance, however, was refused.

At the trial the plaintiff's attorneys, as part of their evidence, read to the jury Wood's statement, which the defendant had filed with the motion for continuance. The trial judge held that this would occupy the same position as any other testimony that the plaintiff offered. At the close of the plaintiff's case, the attorneys for the defendants moved for a non-suit as to both defendants, and the motion as to J. F. Harter was granted, no agency having been shown. No

other testimony was offered on behalf of Wood, and the jury returned a verdict against him for $8,000.00 actual damages.

Being unable to collect from the absent judgment debtor, Mrs. Owens made demand on the insurance company for payment. When it denied obligation, Mrs. Owens brought suit in the United States District Court against the company on the theory that the policy issued to Harter, the named assured, covered Wood as well, for the benefit of anyone who might recover against either of them.

The insurance company defended on the ground that Wood had failed to cooperate in his defense as required by the policy. The case was tried on a stipulation of facts before the District Judge sitting without a jury, and judgment was entered in favor of the appellee. This appeal followed.

The appellant and appellee are in agreement that Wood is covered as an additional insured under the terms of the policy, which contains the following provisions:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall fully comply with all of the terms of the policy * * *.

\* \* \* \* \* \*

"The insured shall cooperate with the company and upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

The problem of non-cooperation has a dual aspect: not only what the assured failed to do, but what the insurer on its part did to secure co-operation from an apathetic, inattentive, or vanished policy holder, must be considered. Liability insurance is intended not only to indemnify the assured, but also to protect members of the public who may be injured through negligence. Indeed, such insurance is made mandatory in many states. It would greatly weaken the practical use-

fulness of policies designed to afford public protection, if it were enough to show mere disappearance of the assured without full proof of proper efforts by the insurer to locate him. See Tuder v. Commonwealth Casualty Company, 163 A. 27, 10 N.J.Misc. 1206.

■■ Whether or not Wood failed to co-operate with the insurer and thereby relieved it of liability is to be determined by the law of South Carolina, where the contract was made. The District Judge relied chiefly upon the case of Meehan v. Commercial Casualty Insurance Co., 166 S.C. 496, 165 S.E. 194, 196. There, as here, the company showed that it was unable to communicate with the insured, who had disappeared. The Supreme Court of South Carolina, applying the dual aspect of non-cooperation above-mentioned, held that the facts were not sufficient to show failure of the assured to co-operate. The facts there and the facts here are, of course, not identical, but they are closely parallel. It would serve no useful purpose to prolong this opinion with an elaborate comparison between the two factual situations. The District Judge, comparing the two cases, concluded, not unjustifiably, we think, that applying the standard laid down in the former case, the appellant had not met the burden of showing non-cooperation by Wood. The Judge below noted: "It clearly appears that in the (Meehan) case the insurance company did even more than was done in the instant case."

■ We might add that the circumstances afford no hint to explain Wood's disappearance. There is no suggestion of domestic discord, any effort to escape criminal prosecution or other reason to abscond. From all that the record shows he may have been the victim of foul play, or natural death, or disability, in which case it could not be said that failure to co-operate was wilful. There was no evidence of any inquiries other than from the wife and pastor. No inquiry was made from the police or at Wood's place of employment where his employer or fellow workers might possibly have given a clue to his whereabouts, or at the Post Office to learn if he had left a forwarding address. Requiring such additional efforts would not seem to impose an unreasonable burden.

The Meehan opinion contains language which may be particularly significant here in the light of Wood's written account of the accident, from which a strong inference of actionable negligence on his part may be drawn:

"Furthermore, this court is not so much impressed with appellant's position in this respect, in view of the fact that an agent of appellant finally admitted that Wachtel, while in Columbia, shortly following the accident, stated that the wreck was caused by his driving into a main highway from a side road without any lights and hitting the automobile of respondent, clearly indicating that he felt responsible for the collision. If that were true, honorable co-operation and assistance in the defense of the suit on Wachtel's part would have been very much limited."

The version given by Wood of his accident is very similar. We do not see how in the circumstances his absence prejudiced appellant.

The Court below, following the Meehan case, observed:

"It also does not appear that the defendant company was injured by the absence of Wood. The (Meehan) case clearly holds that the mere absence of the defendant without going into details and specifications with reference to the failure to co-operate and render assistance is not sufficient. From the statement which was introduced in evidence by the plaintiff it clearly appears that Wood was guilty of actionable negligence. It is difficult to know what information could have been given to the insurance company which was not contained in this statement. In the Meehan case cited above, our Court has clearly held that the mere absence of Wood is not sufficient to re-

lieve the defendant company of liability."

These observations seem to us very cogent. We recognize that there is a split in the authorities as to whether a showing of prejudice to the insurer is essential to a defense of non-cooperation by the assured (substantial prejudice required: Hynding v. Home Acc. Ins. Co., 214 Cal. 743, 7 P.2d 999, 85 A.L.R. 13; Wormington v. Associated Indemnity Corp., 13 Cal.App.2d 321, 56 P.2d 1254; Levy v. Indemnity Insurance Co. of North America, La.App., 8 So.2d 774; MacClure v. Accident & Casualty Ins. Co. of Winterthur, Switzerland, 229 N.C. 305, 49 S.E.2d 742; contra: Glens Falls Indemnity Co. v. Keliher, 88 N.H. 253, 187 A. 473; Kindervater v. Motorists Casualty, 117 N.J.L. 131, 199 A. 606; American Sur. Co. of N. Y. v. Diamond, 206 Misc. 309, 133 N.Y.S.2d 697); but South Carolina law is as the District Judge concluded on the basis of the Meehan case.

The great weight of authority places squarely upon the insurer the burden of proving the alleged non-cooperation of the assured. Williams v. Employers Mut. Liability Ins. Co. of Wisconsin, 5 Cir., 131 F.2d 601; General Casualty & Surety Co. v. Kierstead, 8 Cir., 67 F.2d 523; Employers Insur. Co. of Ala. v. Brock, 233 Ala. 551, 172 So. 671; United States Fidelity & Guaranty Co. v. Brandon, 186 Ark. 311, 53 S.W.2d 422; United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615; Albert v. Public Service Mut. Cas., 266 App.Div. 284, 42 N.Y.S.2d 124; Cameron v. Berger, 132 Pa.Super. 484, 1 A.2d 529.

Under the law of South Carolina, the question whether or not the insured has met his obligation to cooperate is ordinarily one to be determined by the trier of the facts. Walker v. New Amsterdam Co., 157 S.C. 381, 154 S.E. 221. On appeal this Court may review the District Judge's findings of fact, but ordinarily such findings are not disturbed unless clearly erroneous. Fed. Rules Civ.Proc., rule 52(a), 28 U.S.C.A.

By this test we cannot say that there was error in the findings or judgment below.

Affirmed.