Milton M. Wecht, J.
Plaintiff recovered a judgment by default against one Robert Morton for injuries sustained as a result of an automobile accident. That judgment together with interest thereon from the date of entry, June 9,1959, amounting to $6,693.25, remains unpaid. An action is now brought pursuant to section 167 of the Insurance Law against Morton’s insurer, the defendant herein, and based on that action plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice. In opposition to this motion defendant contends that policies written pursuant to article VII of the Insurance Law do not create absolute liability; that failure to co-operate is a good defense, thus creating a triable issue.
In this case defendant insurers had knowledge of the pending action. They made no attempt to defend under a reservation of rights or otherwise after being notified that an action had been commenced against their assured. They failed to make any appearance in the action, special or otherwise. The failure of the assured to sign a waiver of personal service is not the lack of co-operation contemplated by the statute. (Briskman v. Glens Falls Ind. Co., 251 App. Div. 319; Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271; Seltzer v. Indemnity Ins. Co., 252 N. Y. 330; American Sur. Co. v. Diamond, 206 Misc. 309.) The defendant had no valid excuse for not taking any action in the case at the time it received the summons dated February 20, 1958 from its assured. When the injured party has pursued its rights with as much diligence as was reasonably possible, the statute shifts the risk of the- insured’s delay to the compensated risk taker. The defense of a breach of the condition of co-operation is not available to them now (Lauritano v. American Fire Ins. Co., 3 A D 2d 564).
Accordingly the motion for summary judgment is granted.