409 F.2d 206
 Vernon PHILLIPS and Margaret Phillips, his wife, and as mother and next friend of Linda Phillips Morris, formerly Linda Phillips, Appellees,
v.
GLENS FALLS INSURANCE COMPANY, a corporation, Appellant.
 No. 12945.
 United States Court of Appeals Fourth Circuit.
 Argued April 9, 1969.
 Decided April 14, 1969.
 
 Edward W. Eardley, Charleston, W. Va. (Carl F. Stucky, Jr., and Steptoe & Johnson, Charleston, W.Va., on brief), for appellant.
 J. Campbell Palmer, III, Charleston, W. Va., for appellees.
 Before SOBELOFF, BOREMAN, and BUTZNER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Linda Phillips Morris brought this action against Glens Falls Insurance Company to satisfy a judgment she had previously obtained against Glens Falls' insured, William G. White, for injuries received in an automobile accident. Glens Falls defended on the ground that White had breached the policy's cooperation clause by failing to appear at the trial of the negligence action. Mrs. Morris countered with the assertion that Glens Falls had not been prejudiced by White's absence.
 
 
 2
 The district judge sitting without a jury found that Glens Falls was not prejudiced by White's failure to appear. Phillips v. Glens Falls Ins. Co., 288 F.Supp. 151 (S.D.W.Va.1968). This finding is supported by ample evidence, and it is invulnerable on appeal.
 
 
 3
 The parties agree that West Virginia law is applicable, but the Supreme Court of Appeals of West Virginia has not been called upon to decide whether it is essential for the insurer to show prejudice to establish the defense of noncooperation. The district judge recognized that there is a split in the authorities on this question, see Annot. 60 A.L.R.2d 1146, 1154 (1958), and in a well-considered opinion he concluded that West Virginia would adopt the majority view. This rule requires the insurer to show prejudice before the insured's absence will be regarded as a material breach of the cooperation clause. See Pennsylvania Threshermen & Farmers Mut. Cas. Co. v. Owens, 238 F.2d 549, 551 (4th Cir. 1956).
 
 
 4
 In view of our disposition of the case, it is unnecessary to consider Mrs. Morris' alternative theories of waiver and estoppel.
 
 
 5
 Mrs. Morris also sought counsel fees. We accept the district court's denial of this allowance.
 
 
 6
 Affirmed.