FIREMEN'S INSURANCE COMPANY OF NEWARK,
NEW JERSEY *v.* CADILLAC INSURANCE COMPANY
and Eugene REDDICK

CA 84-175                                    679 S.W.2d 821

Court of Appeals of Arkansas
Division II
Opinion delivered November 28, 1984
[Rehearing denied January 9, 1985.]

*Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P.A.* by: *Leonard L. Scott* and *Frank S. Hamlin,* for appellant.

*Matthews & Sanders, P.A.* by: *Gail O. Matthews,* for appellees.

DONALD L. CORBIN, Judge. The Gene Reddick family was injured September 27, 1980, in an automobile accident when their car was rear-ended by a vehicle driven by Dean Mainberger. Mainberger, apparently intoxicated, failed to stop at the scene of the accident. In March, 1982, the Reddicks sued Mainberger. Mainberger failed to appear for trial but was defended by counsel hired by appellee, Cadillac Insurance Company, his liability insurer. The Reddicks were awarded $3,979.66 compensatory damages and $17,500.00 punitive damages. Appellee denied liability for the judgment against Mainberger claiming that he had breached the cooperation clause of his liability insurance policy by failing to attend the trial. The Reddicks then brought suit against appellant, Firemen's Insurance Company, their uninsured motorist carrier, and appellee for the judgment. Appellant cross-claimed against appellee. A motion for summary judgment was granted in favor of the Reddicks against appellant for the amount of the judgment. Appellant's cross-complaint against appellee for the amount awarded the Reddicks was heard by the court upon stipulations. The trial court found that Mainberger's failure to appear for trial constituted a material breach of his contract with appellee which substantially prejudiced its rights, justifying denial of coverage. The court further found that appellee had not waived its right nor was it estopped to deny coverage because of its actions at trial. We affirm.

On appeal, the trial court's findings will not be set aside unless they are clearly erroneous. A.R.C.P. Rule 52(a). We examine the evidence in the light most favorable to appellee and sustain the trial court's findings unless they are clearly against the preponderance of the evidence. *Hvasta* v. *McGough,* 276 Ark. 168, 633 S.W.2d 31 (1982). In examining appellant's points for reversal we cannot say that the trial

court's findings were clearly against the preponderance of the evidence.

Appellant first contends that the trial court erred in finding that Mainberger's failure to appear for trial was a material breach of his contract. Appellant relies on *United States Fidelity & Guaranty Co.* v. *Brandon*, 186 Ark. 311, 53 S.W.2d 422 (1932), as authority for the proposition that to constitute a breach of a cooperation clause an insured's failure to appear for trial must be shown to be a material breach. Under this theory, appellee had the burden of proving that Dean Mainberger's absence was deliberate or without good reason. We believe the evidence supports a finding that Mainberger lacked good reason for his absence from trial. A series of letters between Mainberger and appellee were introduced which demonstrated Mainberger's reluctance to appear in Arkansas. Appellee's concern that Mainberger would not cooperate was readily apparent from the correspondence. Appellee subsequently took actions to insure Mainberger's appearance. It was established that appellee provided transportation, accommodations and compensation for time off work in order to insure Mainberger's cooperation and consistently encouraged Mainberger to appear for trial explaining at length the consequences of any failure to do so. Mainberger's attitude throughout his contact with appellee prior to trial was one of reluctant cooperation at best. Examining these circumstances leading up to Mainberger's failure to appear for trial, we believe there was sufficient evidence to support the trial court's finding that Mainberger's absence was a material breach of the non-cooperation clause of the insurance policy.

Appellant contends that the trial court erred in finding that Mainberger's failure to appear substantially prejudiced appellee's efforts to defend Mainberger. Appellee presented evidence that Mainberger's absence from trial prejudiced appellee's efforts to defend him. The amount of the award and, more significantly, its division between compensatory and punitive damages was presented as some indication of the jury's response to Mainberger's absence. In addition, Mainberger's attorney, admittedly an expert in insurance

litigation and trial work, testified in detail and at length concerning the effect he felt Mainberger's absence had upon the jury. In reviewing this testimony, we believe the trial court could agree with his analysis.

Simple logic and common sense would indicate the difficulty one would have in imagining the case in which a defendant's failure to appear for trial would not be prejudicial to his defense. The failure of a defendant to appear surely has an intangible effect upon the jury. Additionally, unexpected developments in the plaintiff's case cannot be rebutted or offset by the defendant's explanations. The defendant's absence leaves him open to unrebuttable innuendos and characterizations by the plaintiff. Inaccurate or exaggerated testimony by the plaintiffs cannot be properly challenged. See *Beam* v. *State Farm Mutual Automobile Ins. Co.*, 269 F.2d 151 (6th Cir. 1959). Mainberger's attorney testified that he found himself faced with several of these situations because Mainberger was not there to assist in his own defense. We cannot believe the jury was not prejudiced against Mainberger as a result of his failure to appear in light of the evidence.

Finally, appellant contends that the trial court erred in finding that appellee had not waived nor was estopped from denying liability by the actions of Mainberger's counsel at trial.

Appellant contends that by admitting Mainberger's liability and failing to withdraw when Mainberger failed to appear, appellee had waived its right to deny liability for non-cooperation or was estopped to do so. The trial court specifically found that appellee had not waived its right to deny liability nor was it estopped to do so. We agree.

The pitfalls of withdrawal are well noted in insurance case law. Take for example, *U.S. Fidelity & Guaranty Co.* v. *Brandon, supra,* where the attorney representing the insured withdrew as counsel upon the defendant's failure to attend trial. The Court held there was no material breach and thereby made the insurer liable for judgment against which it had no opportunity to defend. Thus, we feel the option to

withdraw was not in reality an option at all.

We think it a more logical rule that the insurer need not withdraw in order to preserve its defense of non-cooperation where the insured does not appear at trial. Any other rule would require the insurer to elect at its peril whether to proceed or withdraw, allowing it no recourse should it elect to withdraw and a later determination be made that there was no lack of cooperation. See *DeRosa* v. *Aetna Insurance Co.*, 346 F.2d 245 (7th Cir. 1965), *cert. denied,* 382 U.S. 980 (1966).

In summary we find ample evidence to support the trial court's findings and therefore affirm.

Affirmed.

COOPER and CLONINGER, JJ., agree.