THE COMMISSIONERS OF HIGHWAYS OF COLD SPRING
    TOWNSHIP, Plaintiffs in Error, *vs.* THOMAS BRUNER,
    Defendant in Error.

*Opinion filed February 25, 1911.*

APPEALS AND ERRORS—*a freehold is not involved in suit before
justice of peace for obstructing highway.* An action of debt for
obstructing a public highway does not involve a freehold when
begun before a justice of the peace, as a justice of the peace has
no jurisdiction to determine a question of freehold; and in such
case the fact that there was an appeal to the circuit court does not
bring in the question of freehold.

WRIT OF ERROR to the Circuit Court of Shelby county;
the Hon. A. M. ROSE, Judge, presiding.

RICHARDSON & WHITAKER, and W. E. LOWE, for plain-
tiffs in error.

CHAFEE & CHEW, for defendant in error.

Per CURIAM: This was an action of debt under sec-
tion 71 of the Road and Bridge act, brought by plaintiffs in
error against defendant in error before a justice of the peace
for obstructing a public highway. A trial in the justice's
court resulted in a judgment against defendant in error for
three dollars and costs. From that judgment he appealed
to the circuit court of Shelby county. A hearing in that
court by jury resulted in a verdict and judgment in favor
of defendant in error. This is a writ of error sued out of
this court to review the judgment of the circuit court.

The writ was evidently sued out of this court under the
impression that a freehold was involved. A justice of the
peace has no jurisdiction to determine a freehold, and we
have held that where an action for obstructing a public
highway is begun before a justice of the peace a freehold
is not involved. (*Town of Audubon* v. *Hand*, 223 Ill. 367;

248 — 35

*Village of Dolton* v. *Dolton,* 201 id. 155.) The writ should have been sued out of the Appellate Court. The case is therefore transferred to the Appellate Court for the Third District.                    *Case transferred.*