J. A. Barnett, Appellant, v. Norman B. Pitcairn and Frank Nicodemus, Jr., Receivers of Wabash Railway Company, Appellees.

Opinion filed March 1, 1941.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal taken by J. A. Barnett, appellant (hereinafter designated as plaintiff), from a decree of the circuit court of St. Clair county, dismissing, for want of equity, his amended complaint for a mandatory injunction against Norman B. Pitcairn and Frank Nicodemus, Jr., receivers of the Wabash Railway Company appellees (hereinafter designated as defendants). Other parties were made defendants in the lower court but appeal was perfected by appellees only.

By this complaint plaintiff sought a mandatory injunction compelling the defendant railroad receivers, by whom he was formerly employed, to restore him to his place on the railroad seniority roster, from which it was alleged his name had been wrongfully removed;

to recognize an employee-employer relationship, and to certify such recognition to the Railroad Retirement Board at Washington, D. C.

The case was tried upon plaintiff's amended complaint, defendant's answer, plaintiff's reply, and defendant's answer to such reply. The amended complaint alleged in substance, that plaintiff was an employee, a car inspector, for defendant company. That he was furloughed or laid off from work on February 28, 1932, by reason of economic conditions causing a reduction of force; that by reason of plaintiff's union's employment contract, the customs, usages and understanding existing between an employee and a railroad, on being employed he became vested with seniority rights, which rights continued during the furloughed period. The amended complaint further alleges that during such furloughed period, plaintiff, without being discharged, was wrongfully and improperly removed by defendants from the seniority roster of car inspectors at their Brooklyn Yards, and as a consequence thereof lost his seniority rights and that his employee status was severed, that by reason of such wrongful cessation of the employer-employee status, plaintiff who was otherwise qualified to receive the pension benefits under the Railroad Retirement Act was deprived thereof because of defendant's failure to certify him, as an employee on the effective date of the Railroad Retirement Act. Plaintiff prayed that by order of court defendants be compelled to restore to plaintiff, his seniority standing and rights and certify his employee status to the Railroad Retirement Board.

Defendant's answer averred, with reference to reemployment of furloughed men, that the senior furloughed men would be given preference for only 10 days. That it was the custom and practice up to the time that the Brotherhood of Railway Carmen of America, one of the defendants in the lower court, became the bargaining agent for the shop employees of

defendant at the Brooklyn Yards, after a reduction in the force, to inform the members of the Shop Crafts Committee of the Shop Employees Association, Wabash Railway Company, another defendant in the trial court, of any contemplated increase in force, and that the members of the committee would then endeavor to notify the man who was last furloughed and who was the oldest or senior in service, and whose name appeared first on the seniority roster of the increase in force, so that such employee might be given first opportunity to return to service.

To this answer, plaintiff replied that it was the primary duty of defendants to notify a furloughed employee of any increase in force; that it was the custom and practice of defendants either to have such employee notified personally or to send to the last-known address of such furloughed employee, a letter or telegram notifying him of a contemplated increase in force, and that such employee was thereby called for duty. Issue was joined on these allegations by defendant's answer to said reply.

An issue of fact was also joined on the proposition alleged in defendant's answer and denied in plaintiff's reply thereto, that early in 1934, there was a position open as car inspector; that plaintiff had not left his address so that he could be notified through the proper channels; that defendants were informed in substance that plaintiff did not desire any position with them, and that he had not applied to them for re-employment, because of which fact plaintiff's name was taken off the seniority roster.

After a hearing on the merits, the trial court dismissed plaintiff's amended complaint, for want of equity.

It is admitted by plaintiff, that no serious question of law is presented in the appeal, and the principal errors relied upon for reversal are that the evidence justified a finding that the equities were with the

plaintiff and entitled him to the relief prayed for and that the decree of the trial court is against the manifest weight of the evidence.

There was offered in evidence by plaintiff and admitted by the court, rule 14 and rule 21B governing the working conditions at the place in question.

Rule 14, provided in substance, that when new jobs are created, or permanent vacancies occur, in the respective crafts the immediate supervising officer or foreman should notify the committee to that effect before the position is filled and that the committee should have a reasonable time to give verbal notice to employees who wish to make application for the vacancy, and that in filling such position the oldest qualified employee in point of seniority should be given the preference.

Rule 21B provided that in the restoration of forces, senior laid-off men would be given preference, if available within a reasonable time (10 days to be considered a reasonable time), and will be restored to their former positions when such positions are permanently restored, according to their seniority. Until such positions are restored they may be used on any work pertaining to their craft.

Defendants offered in evidence section J of rule 25, which was admitted in evidence by the court. This provided that an employee who has been furloughed for a continuous period of 18 months will be considered as out of service permanently and his name will be dropped from the seniority roster.

Plaintiff Barnett testified that when he was furloughed in February, 1932, he was unable to secure employment of any kind in or near Granite City, and went to live on his brother's farm at Decatur, Indiana. Before he moved his family to Indiana, Barnett told Mr. Marx, car foreman, for defendants, that if work ever picked up he wanted him to let him know and claims that Marx said he would. He testified to other

conversations with Marx about wanting work, and with other members of the union committee, telling them where he would be, in the event of work being available. Plaintiff also testified that he corresponded regularly with Mr. Cant, a fellow car inspector, who was regularly employed by defendants. Barnett's testimony was further to the effect that he refused to take a job as an extra car inspector after being advised by Cant, so plaintiff claimed, that it was a temporary job, of about 2 days a month duration.

On behalf of defendants, Cant testified that in 1932 he was requested by the Shop Crafts Committee to inform plaintiff to report at once for car inspector's job at Brooklyn Yards, that he did so inform him, and in reply plaintiff wrote him that he did not care to come back to work, unless he be guarantied a permanent job. Witnesses testified that he subsequently visited plaintiff and that he told witnesses that he would not work for the Wabash any more.

Horace Green, H. G. Pierce, and Don Keiser, members of the Shop Crafts Committee, all testified in substance that there was a job open as car inspector, and that word came back from plaintiff, through Cant, after Cant had notified him at the request of the committee that plaintiff would not take the job and at that time his name was taken from the seniority roster.

The question as to whether or not plaintiff's name was wrongfully stricken from the seniority roster; whether the job offered him in 1934 was permanent, or temporary, whether or not the 18 months' furlough rule was waived by defendants, as claimed by plaintiff, were all questions of fact raised by the pleading and submitted to the court, and decided contrary to plaintiff's contention.

In a case where the question of whether or not plaintiff sustained his claim depends upon the credibility of the witnesses, and the chancellor hears the testimony in open court, and finds against the claim of plaintiff,

the plaintiff is not entitled to a reversal unless this court can say that the finding was palpably contrary to the weight of the testimony. *Mackie v. Schoenstadt*, 307 Ill. 398. We are not inclined so to hold, and the judgment of the lower court will be affirmed.

*Affirmed.*