**Arthur Foeller for use of Town of Shiloh Valley, Appellant, v. Laclede Griffin, Appellee.**

Opinion filed March 1, 1941. Rehearing denied April 3, 1941.

JOHN R. SPRAGUE and JAMES O. MILLER, both of Belleville, for appellant.

JOHNSON & JOHNSON, of Belleville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, which resulted from a finding of such court of not guilty on the trial of the case, before the court, without a jury.

The action was originally instituted by appellant Arthur Foeller (hereinafter called plaintiff), before a justice of the peace, and was tried in the circuit court on an appeal thereto by the appellee Laclede Griffin (hereinafter called defendant). A complaint was made that such defendant was obstructing a public highway and that the obstruction consisted of a gate placed across the alleged public road. The defendant is a tenant on the farm upon which the roadway is located. In 1939 he erected a gate across the roadway and placed a sign on the gate reading, "private road; keep gate closed." The issue before the court, on trial, was whether or not the road in question was a public road. It was an issue of fact which the court determined in favor of the defendant.

Both plaintiff and defendant produced a number of witnesses who testified concerning the road. The testimony was conflicting. The testimony on behalf of the defendant, however, was to the effect that there was no public user of the driveway, and a very limited use in reaching farms in the neighborhood.

As indicated by the Supreme Court of this State, in the case of *Stengl v. Starr Bros.*, 370 Ill. 118, the

courts of this State have frequently held that to establish a public highway by prescription there must be a user by the public for the statutory period, and such user must be adverse, under claim of right, continuous and uninterrupted, with knowledge of the owner of the estate, and yet without his consent. The burden of proof of the existence of such facts rests upon the party asserting the right by prescription (*Bontz v. Stear*, 285 Ill. 599).

The finding of a trial court is entitled, on review, to the same weight as the verdict of a jury, and if the evidence is conflicting, such finding will not be reversed on appeal unless it is contrary to the manifest weight of the evidence (*Keefer Coal Co. v. United Elec. Coal Cos.*, 291 Ill. App. 477; *People v. Chicago & E. I. Ry. Co.*, 258 Ill. App. 535). The only question in such case is whether the findings of fact made by the court below are clearly and palpably against the weight of the evidence (*Van Amburg v. Reynolds*, 372 Ill. 317). A reversal is not justified unless such is the case.

In the instant case, where the evidence was conflicting in many respects, and in view of the facts and circumstances testified to by witnesses for the defendant, we cannot say that the findings of the trial court are contrary to the manifest weight of the evidence.

While neither appellant nor appellee raised the question, but simply hint at some doubt as to whether or not they are in the proper court, we deem it advisable to review briefly the status of the decisions with reference to the jurisdiction of the Appellate and Supreme Courts of this State in a case such as is here before this court. In *Stengl v. Starr Bros., supra,* the Supreme Court of this State has stated that, a freehold is involved where, as in that case, the issue is whether there is or is not a highway over the land in controversy. That case originated through a complaint filed in the circuit court. If the action in the

instant case had originated in the circuit court, we would conclude that this court had no jurisdiction, and we would have transferred the present case to the Supreme Court.

The line of distinction on the question of jurisdiction of the Appellate and Supreme Courts in the road obstruction cases, is indicated in the case of *Village of Dolton v. Dolton,* 201 Ill. 155, in which the Supreme Court stated, at page 163, ''In a number of cases coming directly to this court, which originated before a justice of the peace, . . . we have decided and passed upon questions of freehold alleged to be involved in such cases, but the attention of the court was not drawn specifically to the fact that such cases originated before a justice of the peace, and that the appeal should have been to the Appellate Court, and the question of his lack of jurisdiction to determine questions of freehold was not raised by the parties nor considered by the court.''

The basis of jurisdiction in such cases seems to be predicated entirely on the principle that the court to which the cause is appealed has no wider latitude of jurisdiction than the court in which the case was instituted. A justice of the peace clearly has no jurisdiction to adjudicate the question of a freehold. An action which is originally instituted before the justice, presumably does not involve a freehold and the appeal should be to the Appellate, and not to the Supreme Court (*Town of Audubon v. Hand,* 223 Ill. 367; *Cold Spring Tp. Highway Com'rs v. Bruner,* 248 Ill. 545; *Lange v. Busse,* 275 Ill. 198).

We must, therefore, conclude that we have power to review the instant case, which originated in the court of a justice of the peace.

There being no reversible error in the record, the judgment of the circuit court of St. Clair county is, therefore, affirmed.

*Judgment affirmed.*