John Jones for use of Daisy Mobley et al., Appellants, v. Manufacturer's Casualty Insurance Company, Appellee.

Opinion filed March 2, 1942.

CHARLES H. THOMPSON and GEORGE B. LEE, both of Harrisburg, for appellants.

WHEATLEY & COMBE, of Harrisburg, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal in an action in garnishment to compel the defendant appellee, Manufacturer's Casualty Insurance Company, a corporation (hereinafter called defendant) to pay judgments aggregating $5,600, obtained by the plaintiffs appellants, *viz:* Daisy Mobley, in the sum of $5,000; Harris Mobley, in the sum of $100; Irene Mobley, in the sum of $100; L. G. Fisk, in the sum of $300; and Dale Fisk, in the sum of $100 (said beneficial plaintiffs hereinafter called plaintiffs).

The issues in this case were tried and determined by the trial court, without a jury, and resulted in a finding by the trial court in favor of the garnishee, and against plaintiffs. The facts, in part, concerning this case, and upon which the action of garnishment is predicated, were agreed upon by the parties to this cause and a signed stipulation entered into, which said stipulation, among other things, recited the rendition (on the 7th day of October, 1940, in the circuit court of Saline county, Illinois), of the judgments

hereinbefore referred to. Said stipulation further recited that on October 18, 1940, execution was issued on the judgments above described, against the defendant, and that said execution was delivered to the sheriff of Saline county, Illinois, and on October 19, 1940, the said execution was returned by said sheriff, ''No property found.''

Said stipulation further provided that the amounts of said judgments were recovered by the beneficial plaintiffs, against John Jones, upon a complaint filed by them against the said John Jones and Stanley Wilson (to which complaint the said John Jones and Stanley Wilson answered, denying liability, and from which cause the said Stanley Wilson was dismissed as defendant), and in which complaint it was alleged that the injuries and damages sustained by the beneficial plaintiffs directly resulted from the alleged negligence of the said John Jones in the operation of the motor vehicle, more particularly described as a 1931 Chevrolet express truck, while he, the said John Jones, was driving said truck on U. S. Route No. 45, at or near the intersection of Barnett street, in Saline county, Illinois, on June 27, 1939, at about 11:00 o'clock p.m., which said truck then and there operated by said John Jones, collided with a 1936 tudor Chevrolet sedan owned by the said L. G. Fisk, and then operated by one Lomand Fisk, in which the said plaintiffs were riding as guest passengers.

It was further stipulated that there was existing and in force and effect at the time of the collision, a policy of insurance issued to John Jones and Stanley Wilson, together with a rider attached to and forming a part of said policy, said rider reciting among other things, the following:

''In consideration of the premium at which this policy is written, the named assured declares that the commercial automobile described in the policy as a 'farm truck' is and will be used principally on or

about the premises at the location stated in the policy, and in connection with the operation of the named assureds' farm.'' The policy itself, under item 5 thereof, recited that the purposes for which the automobile is to be used are ''commercial.'' In the declarations which were made a part of the policy, the assured gave their occupation as farming. The motor vehicle insured was a 1931 Chevrolet express truck, and the declared purpose of its use was ''commercial.'' The term ''commercial'' is defined in the policy as, ''the transportation or delivery of goods, merchandise, or other materials, and uses incidental thereto, in connection with the named insured's business occupation as expressed in item 1,'' which is declared to be farming. The rider was attached to the policy, in consideration of a reduction in the premium paid by the assureds, which the agent, F. A. Leberman, testified was lower because of the restrictions in the use of the truck, being limited to farm purposes, upon the declarations that the truck was to be used principally on or about the premises at the location stated in the policy, at the farm of the assurers, and in connection with the operation of the named assureds' farm.

Certain other facts were stipulated, and when this matter came on for a hearing before the court, it was tried before said court on said stipulation of fact, and certain interrogatories and answers thereto, and certain oral testimony. The sole and only question presented for our determination in the view we take of this case is, whether or not the truck of the assured was covered by the insurance policy at the time of the collision.

The trial court held adversely to plaintiffs' contention and this now comes on before us for hearing on the following assignments of error: (1) That the court erred in entering judgment in garnishment in favor of defendant, and against the plaintiffs; (2) The court erred in finding the Manufacturer's Casualty

Insurance Company, a corporation, not liable as garnishee; and (3) The judgment of the court is contrary to the law and the evidence.

The evidence in this case disclosed that on June 27, 1939, the day on which the accident occurred, the assured Jones, at about noon, came to his son's home in Harrisburg and made arrangements to take his son, and children, to Carrier Mills that evening, and while there is some conflict in the evidence, there is evidence fairly tending to show they planned to go to a show. Pursuant to that arrangement, about 6:15 o'clock p.m., Jones drove from his farm, to Harrisburg, and picked up his son and certain members of his family, and a neighbor boy, and drove them, in the truck, to Carrier Mills, where they did attend a show. The evidence further disclosed that after 10:00 o'clock that night, the party, while enroute to the home of Jones' son in Harrisburg, collided with an automobile in which the plaintiffs were riding, causing injuries and damages which furnished the basis of the $5,600 in judgments.

John Jones testified, among other things, on the trial of this cause that, upon arrival at Carrier Mills on the night of the accident, before going to the show, he went over to O'Keefe's car yard and looked around at some used cars, and that he had in mind buying a used car for his own use and for the benefit of his young son who resided at home, and who wanted some way to get back and forth to his work. This witness further testified that at the time of the accident he didn't have any provisions in the truck for the farm, or supplies, or anything of that kind. This witness further testified that he knew about the endorsement on the policy, and that he knew the automobile described in the policy was to be used principally about the farm.

The plaintiffs in this case can recover against the garnishee only if the assured could have successfully

maintained in action against the insurer, upon the insurance contract (*Pogline v. Central Mut. Ins. Co.,* 280 Ill. App. 5; *Wold for use of Wegener v. Glens Falls Indemnity Co.,* 269 Ill. App. 407).

The burden of proof rests upon the plaintiffs to establish that the use made by the assured of the truck at the time of the collision came within the coverage of the policy (*Soukup v. Halmel,* 357 Ill. 576, 579).

While we are very mindful that an insurance policy is to be construed most favorably to the insured, it is equally true that no strained or unwarranted construction is to be adopted, which is plainly not within the terms of the instrument (*Soukup v. Halmel, supra; Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co.,* 356 Ill. 389, 397).

This case having been tried by the court, without a jury, the findings of the trial court are entitled to the same weight as a verdict of a jury, and we would not be at liberty to set the same aside unless we find same are manifestly against the weight of the evidence (*Foeller for use of Town of Shiloh Valley v. Griffin,* 309 Ill. App. 238, 240; *Shapleigh Hardware Co. v. Enterprise Foundry Co.,* 305 Ill. App. 180, 186; *Klopp v. Benevolent Protective Order of Elks,* 309 Ill. App. 145, 153; *Barnett v. Pitcairn,* 309 Ill. App. 201, 205).

From a careful examination of the evidence in this case we are of the opinion, and so find the fact to be, that the use made of the truck at the time of the collision in question was not within the coverage of the policy, and we further find that the finding of the trial court was in harmony with the evidence and amply supported thereby, and is correct, and said finding is, therefore, affirmed.

*Judgment affirmed.*