**Francis DeROSA, Counter-Plaintiff, Appellee,**

v.

**AETNA INSURANCE COMPANY, Counter-Defendant, Appellant.**

**No. 14757.**

United States Court of Appeals Seventh Circuit.

May 24, 1965.

Rehearing Denied July 6, 1965.

246

Peter Fitzpatrick, Chicago, Ill., for appellant.

Vincent M. Clark, John G. Phillips, Chicago, Ill., for Francis DeRosa, counter-plaintiff appellee, Jones & Clark, Chicago, Ill., of counsel.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from a judgment in favor of counter-plaintiff Francis DeRosa against counter-defendant Aetna Insurance Company for $25,000. In a prior state court action DeRosa had recovered a judgment for this amount against Dan Serafine, the insured under a policy of casualty insurance issued by The Century Indemnity Company. In his suit against Serafine, DeRosa claimed that his back had been injured on November 20, 1957, while riding a horse owned by Serafine.

Although the accident occurred in 1957, Serafine did not inform Century until 1959 that DeRosa was asserting a claim against him. After the state court action was instituted in March, 1959, Century filed an action in the federal district court for a declaratory judgment that it need not defend Serafine, its insured, because of his untimely notice of the claim asserted against him. The district court found against Century and this court affirmed. Century Indem. Co. v. Serafine, 311 F.2d 676 (7th Cir. 1963).

Following the termination of the federal court declaratory action, Aetna, successor to Century, undertook Serafine's defense in DeRosa's case against him in the Superior Court of Cook County, Illinois. In that proceeding, after a jury trial, DeRosa recovered a judgment against Serafine for $25,000. Thereafter, Aetna filed the present declaratory judgment action in the federal district court, requesting that it be absolved from liability under its policy because of Serafine's failure to cooperate in the trial in the state court. DeRosa moved to dismiss the complaint on the ground that the issue was res judicata and on the further ground that the issue could be resolved in a garnishment action against Aetna by DeRosa. The motion to dismiss was granted. At the same time DeRosa filed a counterclaim under three separate theories: garnishment, recovery under the Insurance Code of Illinois, and recovery under the terms of the policy. Following a trial on the counterclaim, the district court entered judgment ordering that DeRosa recover from Aetna the full amount of the judgment which he had obtained against Serafine in the state court.

Aetna appeals on two bases: (1) that the evidence before the court proved that Serafine did not cooperate with counsel in defending the DeRosa suit, thus breaching a condition of the policy which required him to assist in the conduct of the defense and (2) that the district court erred in refusing to allow Aetna to present certain evidence which would have constituted further proof of DeRosa's failure to cooperate.

■ The evidence before the district court showed that on May 27, 1963, the law firm representing Serafine under the policy with Aetna telephoned him that the case in the Superior Court of Cook County was going to trial and asked him to attend. Serafine said that he was leaving town and could not be present. He suggested that if the law firm wanted to pursue the matter further, it should contact his personal attorney. A phone call to Serafine's attorney did not produce the cooperation of the insured or his attendance at the trial. Aetna offered to prove that Serafine's personal attorney said that he would look into it. Aetna also made an offer of proof that when reminded of Serafine's duty of cooperation and attendance at trial, the attorney replied, "We have gone into that issue before." The judge refused both offers.

DeRosa's case against Serafine was assigned for trial on May 28, 1963, and evidence began on May 29. Serafine did not communicate with the lawyers furnished by Aetna to defend him until he appeared in the court on the morning of June 3. He was in the company of DeRosa's attorney and became the last witness for the plaintiff.

We think these facts alone are sufficient to show such a failure on the part of Serafine to cooperate with his insurer as to preclude Aetna from liability for the judgment against its insured. Having made this determination, we need not rule on the alleged error of the district court in failing to admit additional evidence of Serafine's conduct.

■ Under Illinois law, the general rule of garnishment is that a judgment creditor cannot recover against the in-surer if the insured himself could not have recovered upon the insurance contract. Schneider v. Autoist Mut. Ins. Co., 346 Ill. 137, 178 N.E. 466 (1931); Jones for use of Mobley v. Mfr's. Cas. Ins. Co., 313 Ill.App. 386, 40 N.E.2d 545 (1942). Moreover, the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, ¶ 1000, specifically provides that recovery by an injured person in a direct suit against the insurer under the terms of the policy is "subject to all the conditions thereof." The terms of the policy issued to Serafine specify that "The Insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits." The policy further provides that "No action shall lie against the company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this Policy. * * *"

The evidence shows that Serafine did not cooperate with the lawyers furnished by Aetna in the defense against DeRosa's claim. His failure, without acceptable excuse, to attend the trial until he appeared in response to DeRosa's subpoena, could only result in serious prejudice to the defense efforts furnished by Aetna. This conduct materially breached the condition in the policy requiring Serafine to attend the trial and assist in conduct of the defense. This breach precludes recovery by DeRosa whether it be sought under the policy, under the insurance code, or by way of garnishment.

■■ DeRosa urges that even though it be determined that Serafine failed to cooperate with his insurer, Aetna waived this defense by reason of its continuing to defend the action with knowledge of Serafine's conduct. We do not agree. When an insured does not appear at trial, his insurer need not withdraw in order to preserve its defense of noncooperation. Durbin for Use of Ferdman v. Lord, 329 Ill.App. 333, 68 N.E.2d 537 (1946). This rule is logical and reasonable. Without it, the insurer would be required to elect at

its peril to proceed with the defense or to withdraw. If the insurer should decide to withdraw and if there should be a later determination that there was no failure to cooperate, the insurer would be without means to defend on the merits the principal suit against its insured. By proceeding to trial, Aetna did not waive a valid defense against its insured. That defense is equally effective to defeat a claim by a third party as it would be to defeat a claim by the insured himself.

The judgment of the district court is reversed.

KILEY, Circuit Judge (concurring).

I concur in Judge Swygert's opinion that the judgment of the district court should be reversed. In the absence of Serafine's explanation why he failed to appear when requested by defense attorney representing him in the Superior Court, the District Court's implied finding against Aetna on the issue of failure to cooperate is clearly erroneous. And DeRosa had the burden of going forward with any explanatory testimony in view of the testimony for Aetna.

Knoch, Circuit Judge, dissented.