13456

MEEHAN v. COMMERICAL CASUALTY INSURANCE CO.

(165 S. E., 194)

*Messrs. Tobias & Turner,* for appellant, 

*Messrs. C. N. Sapp* and *C. T. Graydon,* for respondent,

July 27, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This case, tried in the County Court of Richland County, before his Honor, Judge Whaley, and a jury, was based upon a policy of automobile liability insurance, issued by the appellant to one Joseph Wachtel, insuring against loss or expense sustained by reason of damage done to the person or property of another in the operation of an automobile described in the policy. The facts out of which the case grew are as follows:

Wachtel, of Newark, N. J., while traveling in the automobile, near Columbia, in the early part of January, 1930, collided with the automobile of the respondent, and, as a result of the collision, the respondent sustained personal injuries and his automobile was damaged. Respondent immediately instituted suit to recover damages against Wachtel and the offending automobile, obtained personal service upon Wachtel, and procured the attachment of the automobile.

Wachtel promptly notified the appellant of the wreck, and the insurance company immediately notified its attorney, Ashley C. Tobias, Jr., Esq., with instructions to act. Mr. Tobias, acting for the insurance company, with the consent

of the attorney for the respondent, procured the release of Wachtel's automobile from the attachment by filing a surety bond in the amount of $400.00, and in around ten days Wachtel proceeded on his journey to Florida.

At the request of Mr. Tobias, an indefinite extension of time to file answer to the complaint by Wachtel was granted by the respondent's attorney, and no answer was ever filed. Respondent's attorney in that suit, acting upon the assumption that an answer would be filed, had the case set down for trial at the July, 1930, term of the Richland County Court. A few days before the case was to be called, Mr. Tobias, as attorney for Wachtel, gave respondent notice of the taking of the deposition of Wachtel in Newark, N. J. On that account, the case was carried over to the September, 1930, term of the Court.

In the early part of the September, 1930, term, Mr. Tobias announced in open Court that he no longer represented Wachtel. On September 25, 1930, Judge Whaley gave a default judgment in the case, after hearing the evidence in open Court, and rendered judgment in favor of the respondent against Wachtel for the sum of $2,400.00. The surety company paid the amount of its bond, which was credited on the judgment, leaving a balance on the principal of $2,-000.00. The appellant here reimbursed the surety company for the amount it had paid. Execution was issued on the judgment for the balance, and a *nulla bona* returned.

On July 23, 1931, respondent commenced this action against the appellant. Appellant filed answer, denying liability.

A motion for nonsuit and a motion for directed verdict on the part of the appellant were overruled, and the jury returned a verdict for the respondent for the full amount claimed. Thereafter a motion for a new trial was denied. From the judgment entered in favor of the respondent, the insurance company has appealed to this Court.

The eight exceptions presented by the appellant are grouped by its counsel into six questions, and these we shall consider.

The first question charges error in the refusal of the motion for a nonsuit, and was based upon the terms of the insurance policy. Appellant contended that the policy was to indemnify the insured against loss, and not against liability; since Wachtel had not paid the judgment against him, there was no loss and consequently there could be no claim against the insurer. Without passing upon the distinction suggested by the appellant, the trial Judge held the policy was one against liability. The below-quoted provision of the policy, which is very clear and free from any ambiguity, is convincing that the construction of the Judge was correct:

"C.—*Insolvency or Bankruptcy of Assured.* The insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and in case execution against the assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her personal representative against this company under the terms of this policy, for the amount of the judgment in the said action not exceeding the amount of this policy."

The motion for directed verdict in favor of the appellant was based on the ground that all the evidence showed the insured, Wachtel, had violated the conditions of the policy in failing to co-operate with the insurer and render it assistance in the defense of the suit against Wachtel brought by the respondent. In its endeavor to sustain the defense based upon the violation of that condition of the policy, the appellant had offered testimony tending to show that Wachtel had failed to verify an answer prepared in the case by the

appellant's counsel. The trial Judge, in overruling the motion, stated, in substance, that the appellant had ample opportunity to present the answer to Wachtel for verification. No other ground for refusing the motion appears in the record. The second question presented in the appeal sets up error generally in refusing the motion for a directed verdict, and the sixth question assigns error in refusing the motion on the ground stated. The disposition of the second question will dispose also of the sixth.

The provisions of the policy, upon which the motion for a directed verdict was based, are as follows:

"D.—*Reporting Accidents, Losses, Claims and Suits. Co-operation of Assured.* Upon the occurrence of an accident covered by this policy the assured shall give immediate written notice thereof with the fullest information obtainable at the time, to the company or its duly authorized representative. If a claim for damages is made upon the assured on account of such accident, the assured shall give like notice thereof with full particulars. The assured shall at all times render to the company all co-operation and assistance in his power.

"Notice given by or on behalf of the assured to any authorized agent of the company with particulars sufficient to identify the assured, shall be deemed to be notice to the company. Failure to give any notice required to be given by the policy within the time specified therein shall not invalidate any claim made by the assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.

"If suit is brought against the assured to enforce a claim for damages covered by this policy, the assured shall immediately forward to the company every summons or other process as soon as the same shall have been served on the assured.

"The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evi-

dence, the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at the assured's own cost, without the written consent of the company previously given, except that, as respects liability for personal injuries covered hereunder, the assured may provide at the company's expense such immediate surgical relief as is imperative at the time of the accident."

The extent of the enforceability and the effect of the quoted provisions, as between the insurance company and the injured party, were not passed upon by the trial Court, and therefore are not before us.

Obviously, the duties imposed upon an insured by the provisions depend largely upon the varying facts and circumstances of each particular case. The same demand upon an insured might be entirely reasonable in one case and equally as unreasonable in another. For example, take the request to verify an answer. If there is a dispute between the parties as to the manner in which the wreck and resulting damages occurred, or as to any material allegation of the complaint, it might be indefensible for the insured to refuse to verify a proper answer. On the other hand, if the insured's negligence should bring about a wreck, and he should be conscious of it, and a complaint based thereon should set forth the facts correctly, it is difficult to see how the insured could verify an answer to the merits without committing perjury. Ordinarily, therefore, whether or not an insured has performed his duty in each case will present perplexing problems of fact, properly for a jury to determine. *Walker v. New Amsterdam Co.,* 157 S. C., 381, 154 S. E., 221. If there is any contradictory testimony thereabout, it must be submitted to a jury.

A brief and fair summary of the evidence will demonstrate that the motion for a directed verdict was properly denied. The only witness offered in that connec-

tion was a Mr. Dowd, employed by appellant as "Home Office Claim Examiner," of Newark N. J. He testified, on direct examination, that the insured did not call at Dowd's office until some time in March, following the wreck in January, when he requested the insured to furnish an address at which insured could be reached; this was never done; the insured promised to come back to his office; he was unable to communicate with insured or his witness; he arranged to have a notary public to take the testimony, and was unable to locate insured for that purpose; he went to the address of insured given on the policy and found the house closed; he wrote insured several letters (the nature of which was not disclosed), and none were returned; he never was able to communicate with insured any more until insured returned to Dowd's office the following June, at which time Dowd informed the insured that appellant would disclaim any liability; he had not since seen insured, who had furnished no assistance and had done nothing in the defense of the case. An answer for Wachtel to sign, sent to Dowd, was returned because of failure to locate the insured. On cross examination, Dowd stated he had notice of the wreck on the morning following the occurrence, which he supposed was as quick as possible to receive it; he immediately notified appellant's attorney in Columbia, with instructions to look after appellant's interest, and its attorney arranged the bond for the release of the automobile.

It appears from the foregoing that appellant's claim that Wachtel failed to co-operate and render assistance was almost entirely lacking in detail and specification. Wachtel was not present at the trial. Appellant failed to show how long Wachtel remained in Columbia following the wreck, in touch with appellant's attorney, although that information was within its knowledge, was called to its attention by attorneys for respondent during the cross examination of witnesses, and could have been easily shown. No effort was made to show that the demands upon Wachtel were reason-

able under the circumstances, or that Wachtel's convenience or interests were considered in making them. Appellant admits that Wachtel called at its home office on two separate occasions before an answer was required in the case.

Furthermore, this Court is not so much impressed with appellant's position in this respect, in view of the fact that an agent of appellant finally admitted that Wachtel, while in Columbia, shortly following the accident, stated that the wreck was caused by his driving into a main highway from a side road without any lights and hitting the automobile of respondent, clearly indicating that he felt responsible for the collision. If that were true, honorable co-operation and assistance in the defense of the suit on Wachtel's part would have been very much limited.

The other questions raised relate to the admission and exclusion of testimony.

While Dowd was testifying, appellant attempted to ■ bring out a conversation that he had had with Wachtel, and respondent objected to all statements made by Wachtel on the ground that such would be hearsay, which objection the Court sustained. Appellant contends that such statements of Wachtel were admissible to show his intention and motive. Assuming the correctness of the theory, we cannot see on what issue in the case proof of the intention and motive of Wachtel would have been relevant. The issue was whether or not Wachtel had co-operated and assisted in defense of the suit, and that could only be proved by showing what he had done or failed to do. His intention and motive, in the absence of collusion or fraud, were immaterial.

Mr. Dowd was also asked this question: "What other ■ agencies, if any, that you know of endeavored to locate Wachtel?" The trial Judge sustained the objection on the ground that this was hearsay. Clearly the ruling was correct.

Claud N. Sapp, Esq., who represented the respondent ■ in the suit brought against Wachtel, testified as to a statement of Ashley C. Tobias, Jr., Esq., that he (Mr. Tobias) represented the insurance company, and related numerous acts of Mr. Tobias as attorney in the matter, including his request for extension of time to answer, arranging bond for replevy of the attached automobile, and their dealings in trying to reach a compromise, all of which were admitted over the objections of appellant. This testimony was offered to prove that Mr. Tobias was acting as attorney for the appellant.

It is well settled that "the acts and declarations of an alleged agent may be considered with other competent proof of the agency for the purpose of establishing agency." *General Motors Acceptance Corporation v. Chestnut et al.,* 158 S. C., 42, 155 S. E., 231, 232.

The appellant's counsel insist, however, that the statements showing, or tending to show, that an offer of compromise was made by appellant were objectionable, under the well-recognized rule that compromises of claims and suits are favored by the Courts, and that evidence thereof is inadmissible. But that rule was not violated here, as the reason and basis of the rule did not exist. The testimony was offered in an effort to establish that Mr. Tobias was the agent of appellant, and not for the purpose of showing that an offer of compromise had been made. The liability of Wachtel to respondent had already been established by the judgment in the former suit, and this suit was thereafter instituted against appellant, based upon the policy of insurance. The fact, therefore, that an offer of compromise had been made in the former suit, would not have prejudiced the appellant in this case.

The judgment of this Court is that all the exceptions be overruled, and the judgment below be, and the same is hereby, affirmed.

Messrs. Justices Stabler, Carter and Bonham, and Mr. Acting Associate Justice W. C. Cothran concur.