## No. 13,279.

Bagley *v.* Lumbermens Mutual Casualty Company.

(62 P. [2d] 469)

Decided November 9, 1936.

Mr. Ralph L. Carr, Mr. Ivor O. Wingren, Mr. Jean S. Breitenstein, for plaintiff in error.

Mr. Lowell White, Mr. Harry S. Silverstein, for defendant in error.

Mr. L. WARD BANNISTER, Mr. M. H. HARRINGTON, Messrs. LINDSEY & LARWILL, Mr. D. K. WOLFE, JR., Mr. W. A. ALEXANDER, amici curiae, on rehearing.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

SAM Bagley, the plaintiff in error, sued the defendant in error insurance company in the district court to recover $5,000. Trial by jury was waived. The trial court took evidence and entered its findings and judgment in favor of the company. That judgment is before us for review.

The alleged cause of action arises indirectly out of an automobile accident. Bagley was driving along a highway near Denver, with his wife and daughter and a friend for passengers, when his car collided with another motor car. His daughter sued him on the ground of negligence and upon default a judgment for $10,000 was rendered in her favor. Bagley held a $5,000 policy, issued by the company, indemnifying him in case of recovery against him for accidents. Notified of the particular accident, the company demanded that Bagley assist and cooperate—as provided by the terms of the policy—in defending in the action brought against him by the daughter. The company contended below and now contends here that it was absolved from liability by Bagley's failure to comply with its demand. Under the pleadings herein the sole question is whether the company was or was not so absolved. There was a substantial conflict in the evidence. The trial court made findings as follows:

"The court finds that Sam Bagley violated the conditions of the policy of indemnity insurance and failed to comply with such conditions, in the following respects: First: He, Bagley, the assured, fraudulently colluded and connived with his daughter, Sylvia Bagley, and her at-

torneys, to enable her to obtain the judgment against him, in order that he in turn might collect the same for her from the Lumbermens Mutual Casualty Company, as indemnity, upon the policy of insurance. The judgment so obtained, in the opinion of the court, was collusive, and, as respects the Lumbermens Mutual Casualty Company, fraudulent. He, Bagley, thereby attempted to defraud the Lumbermens Mutual Casualty Company. Second: He, Bagley, the assured, wholly failed to cooperate with the Lumbermens Mutual Casualty Company and its attorney * * * and to render it aid and assistance in the defense of the action which Sylvia Bagley had brought against him. He assumed liability for the accident, without the consent of the Lumbermens Mutual Casualty Company. He refused to verify the answer * * * in the Sylvia Bagley action, thereby interfering in the legal procedure of the action, and thus preventing the Lumbermens Mutual Casualty Company and its attorney from raising the issues which it deemed necessary and essential in the defense of that action. The court therefore finds that Sam Bagley is not entitled to recover upon the policy of insurance in this action. The findings of the court, therefore, are in favor of the defendant, the Lumbermens Mutual Casualty Company, and against the plaintiff, Sam Bagley, and judgment will be entered herein in favor of the defendant.''

The lower court had before it the various witnesses and therefore was in position to judge their credibility and the weight of their testimony. This court has before it nothing but the printed record. Under a well-known and practically universal rule, the conclusions drawn by the trial court from the evidence are binding upon this court sitting as a reviewing tribunal. The evidence, as presented by the record, is sufficient to support the findings, and the defendant in error company is therefore entitled to an affirmance of the judgment entered in its favor by the trial court.

The present opinion supersedes a department opinion

heretofore filed. The latter was withdrawn by the granting of a rehearing, the case being thereupon considered by the court en banc.

Judgment affirmed.

MR. JUSTICE HOLLAND not participating.