**Ruth B. KRAMER, Plaintiff,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 5800.**

United States District Court
E. D. South Carolina,
Florence Division.

Oct. 9, 1957.

Singleton & Singleton, R. Grant Singleton, Conway, S. C., for plaintiff.

Willcox, Hardee, Houck & Palmer, A. L. Hardee, Florence, S. C., for defendant.

WILLIAMS, District Judge.

On the 22nd day of May, 1953, Ruth B. Kramer commenced an action in the Court of Common Pleas for Horry County, South Carolina, against Charles E. Harding and a tractor-trailer truck which Charles E. Harding was driving at the time of a collision with the automobile of Ruth B. Kramer. In the action commenced by Ruth B. Kramer against Charles E. Harding and the tractor-trailer truck damages were sought for personal injuries and property damages as a result of the aforesaid collision. At the time of the commencement of the action by Ruth B. Kramer against Charles E. Harding and the said truck, Ruth B. Kramer attached the truck. A

Release of Attachment Bond, which is the subject of another action in the United States District Court, in the amount of $5,000 was thereafter executed and deposited with the Clerk of the Court of Common Pleas for Horry County, South Carolina. This bond was signed by Charles E. Harding, as principal, and by National Surety Corporation, as surety. Thereafter, Ruth B. Kramer recovered a verdict on the 15th day of February, 1956, against the defendants Charles E. Harding and the tractor-trailer truck in the amount of $13,500. Judgment was duly entered thereon on the 6th day of April, 1956. Written demand for payment of the judgment was made upon Charles E. Harding who refused to make any payment on the judgment. The plaintiff then commenced an action in the United States District Court on September 21, 1956, against National Surety Corporation, the surety on the Release of Attachment Bond, and a separate action against Carolina Casualty Insurance Company, the liability insurance carrier of Charles E. Harding and the tractor-trailer truck involved in the above mentioned collision.

The defendant Carolina Casualty Insurance Company moved this Court to consolidate the case of Ruth B. Kramer v. National Surety Corporation, Civil Action No. 5799, with the case of Ruth B. Kramer v. Carolina Casualty Insurance Company, Civil Action No. 5800. The Court ruled upon hearing this motion on November 29, 1956, that the cases should be consolidated for the purpose of hearing the two cases together since much of the evidence would be the same due to the fact that both actions were based in part upon the same judgment in the Court of Common Pleas for Horry County, South Carolina. The Court ruled, however, that the two cases should remain separate and distinct and that they would maintain their separate identities, and that separate judgments would be rendered.

The plaintiff Ruth B. Kramer moved this Court for Summary Judgment in an action against Carolina Casualty Insurance Company, and that motion is before this Court.

It is admitted that the property damage is $1,150. The defendant Carolina Casualty Insurance Company, by its original answer and by statements, agreements, and stipulations of counsel representing it has admitted every material allegation of the plaintiff's complaint in this action.

Section 6 under Conditions in the policy of insurance provides as follows:

"6. Action Against Company—Coverages A and B:

\* \* \* \* \* \*

"Any person \* \* \* who has secured \* \* \* judgment shall \* \* \* thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. \* \* \*

"Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder." [See paragraph 6, under Conditions in the policy.]

It is clear from the provisions of the insurance policy issued by Carolina Casualty Insurance Company to Charles E. Harding that the injured party, Ruth B. Kramer, is entitled to the proceeds of the insurance policy as is shown by the following provisions of the insurance policy:

"Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." [See Item I, Coverage A, under Insuring Agreements in the policy.] This provision is, of course, subject to the limits of liability as stated in the policy, to-wit, 5–10–5.

"Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile." [See Item I, Coverage B, under Insuring Agreements in the policy.] This provision is, of course, subject to the limits of liability as stated in the policy, to-wit, 5–10–5.

"(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;" [See Item II(c) under Insuring Agreements in the policy.] " * * * The amounts incurred under this insuring agreement * * * are payable by the company in addition to the applicable limit of liability of this policy." [See Item II, Ibid.]

" * * * nor shall the terms of this policy be waived or changed, except by endorsement inssued [sic] to form a part of this policy, signed by a duly authorized representative of the company." [See paragraph 20 under Conditions in this policy.] [See Meehan v. Commercial Casualty Ins. Co., 166 S.C. 496, 165 S.E. 194.]

A reading of the provisions of the insurance policy shows that the insurer was not obligated under its policy to furnish the insured with any Release of Attachment Bond or to indemnify the surety but was only obligated to pay the premium on such bond. The applicable part of the policy provides:

"II. Defense, Settlement, Supplementary Payments. As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:

* * * * * *

"(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, * * * not to exceed the usual charges of surety companies * * * but without any obligation to apply for or furnish any such bonds; * * *" [Emphasis added.]

The defendant Carolina Casualty Insurance Company was aware at the time the Release of Attachment Bond was executed that Charles E. Harding had become involved in a collision with the plaintiff, Ruth B. Kramer, and was aware that an action was pending in the Court of Common Pleas for Horry County to recover damages suffered by Ruth B. Kramer because of such collision and because of acts of the insured Charles E. Harding. The defendant Carolina Casualty Insurance Company being aware of all these facts and also being aware of the specific provisions of the insurance policy knew that if Ruth B. Kramer recovered damages against Charles E. Harding in the action then pending in the Court of Common Pleas that Ruth B. Kramer would be entitled to the proceeds of this insurance policy under the terms of the policy, and it also knew that it was without any obligation to Charles E. Harding to apply for or furnish a Release of Attachment Bond or guarantee such a bond. If the defendant Carolina Casualty Insurance Company with all these facts before it entered into an indemnity agreement such as it claims, then certainly it should not be held to have thereby reduced its liability to Ruth B. Kramer under the insurance policy.

It appears that there is no genuine issue of material fact relative to the defendant Carolina Casualty Insurance Company's liability and that, therefore, the plaintiff Ruth B. Kramer is entitled to an adjudication by way of Summary

Judgment in her favor as a matter of law. Further, it appears that there is no genuine issue of fact in regard to the amount of damages to which Ruth B. Kramer is entitled under the insurance policy. The only issue in question is an issue of law. It is, therefore,

Ordered that the plaintiff, Ruth B. Kramer, have judgment against the defendant, Carolina Casualty Insurance Company, in the amount of $6,150 with interest and costs as provided by law.