250 F.2d 680
 66 A.L.R.2d 1231
 Barbara Ann ELLIOTT, Clifford Elliott, Ruby Mae Elliott, a
Minor, and Mary Ann Elliott, a Minor, Appellants,
v.
The METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, a
Corporation, and Firemen's Insurance Company of
Newark, New Jersey, a Corporation, Appellees.
 No. 5590.
 United States Court of Appeals Tenth Circuit.
 Dec. 2, 1957.
 
 Edward V. Sweeney, Monett, Mo. (Pete Farabi, Pittsburg, Kan., was with him on the brief), for appellants.
 Donald N. Clausen, Chicago, Ill. (Clausen, Hirsh & Miller, Chicago, Ill., Donald C. Little, and Bates & Little, Kansas City, Kan., were with him on the brief), for appellees.
 Before MURRAH, PICKETT and LEWIS, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 Appeal is taken from a judgment of the United States District Court for the District of Kansas,[1] summarily entered holding that appellees are relieved from any obligation under an automobile liability insurance policy because of the insured's breach of the cooperation clause of the insurance contract.[2] The judgment of the trial court was declaratory under Title 28 U.S.C.A. 2201 and diversity jurisdiction is admitted, 28 U.S.C.A. 1332(a).
 
 
 2
 The determinative facts are not in dispute. Herman E. Johnston, an insured under the subject policy, was the driver of an automobile involved in a collision with another automobile on February 11, 1953, in Crawford County, Kansas. Substantial claims were made by members of the Elliott family, residents of Crawford County and appellants herein, against Johnston as a result of the collision.
 
 
 3
 About three months after the accident, the Elliott family retained Pete Farabi,[3] an attorney practicing at Pittsburg, Crawford County, Kansas, to pursue their claims. Farabi contacted Johnston at the latter's home in Bourbon County, Kansas, and told Johnston that he intended to file suit in behalf of the Elliotts and that he preferred to do so in the courts of Missouri rather than Kansas. Farabi gave Johnston no reason for such preference but later testified that he (Farabi) had had some 'unhappy experiences' in trying cases in Bourbon County, the place of Johnston's residence. Johnston agreed to and did travel to Vernon County, Missouri, where he submitted to service of process in six separate actions filed in the state court. The appellee insurance companies, appearing for Johnston in the Missouri trial court under a reservation of rights agreement moved to quash service of process. The Missouri trial court upon its own motion quashed the service and found as a fact that:
 
 
 4
 'Plaintiffs' Attorney Farabi, and defendant Johnston wrongfully and fraudulently conspired and colluded together to invoke the processes of this court and its writ of summons caused to be issued in this action by fraudulent acts of plaintiffs' attorney and defendant.'
 
 
 5
 And that: 'Plaintiffs, plaintiffs' attorney and defendant have not come into this court with clean hands. This court considers their action a legal fraud upon this court and upon the tax-paying citizens of Verson County. This court cannot and will not accept jurisdiction of these suits under the circumstances present in these cases.'
 
 
 6
 The trial court was affirmed on appeal to the Supreme Court of Missouri, Elliott v. Johnston, 365 Mo. 881, 292 S.W.2d 589.
 
 
 7
 Johnston's deposition has been twice taken. In the second of these he freely admits that the information which he had given the insurance company professing innocence of collusion in the circumstances surrounding the service of process in Missouri, was a 'pack of lies' made, he asserts, because of a personal dislike of his interrogator. He does not now dispute that his presence in Missouri was by prearrangement with and at the suggestion of the attorney Farabi. He asserts, however, that he believes a prejudice exists against him at his place of residence and that it would be to his own advantage to defend litigation at a place other than Bourbon County, Kansas.
 
 
 8
 Counsel for the Elliotts next obtained service of process against Johnston in Crawford County, Kansas. Although claim is made that this too was done by collusion and prearrangement, Johnston denies the claim. A genuine issue of fact is consequently raised and prevents consideration upon summary judgment of the occurrence beyond the fact of service. Hunt v. Pick, 10 Cir.,240 F.2d 782; Broderick Wood Products Co. v. United States, 10 Cir., 195 F.2d 433. These suits have been voluntarily dismissed and the actions have been refiled and process has been obtained upon Johnston in Bourbon County, Kansas. The actions are now pending.
 
 
 9
 From this factual background is presented the single question of whether or not Johnston's conduct has been such as to violate the cooperation clause of the insurance contract and thus allow the insurance company to refuse the responsibility of defense and avoid the possibility of indemnity liability. The Johnstons did not appear at trial and have not appealed. The appellants, having no rights against the insurance company except as derived through Johnston's contract, are limited by the conditions of the policy. If Johnston's acts were such as to bar him from the benefits of his policy, the appellants are likewise precluded, State Farm Mutual Automobile Insurance Co. v. Bonacci, 8 Cir., 111 F.2d 412.
 
 
 10
 As always, when unblessed events are the subject matter of a contract, cooperation between contracting parties is essential to fulfill the contemplated purpose of shifting the financial burden of loss within the terms of the agreement. The inherent nature of the subject matter of automobile liability insurance necessitates the mutual obligation of cooperation between insured and insurer and clauses in insurance policies comparable to the one here under consideration have long been recognized as reasonable conditions necessary to protect the insurer against collusive claims, American Automobile Insurance Co. v. Fidelity and Casualty Company of New York, 159 Md. 631, 152 A. 523; Watkins v. Watkins, 210 Wis. 606, 245 N.W. 695, and prejudicial interference with the defense of any claim, Kindervater v. Motorists Casualty Insurance Co., 120 N.J.L. 373, 199 A. 606. Since the elimination of connivance between the insured and claimant is a basic purpose of the cooperation clause, minor infractions by the insured do not materially threaten the insurer's rights even though lack of cooperation be affirmative in nature. Such situations include discrepancies in statements given by the insured to the company when had faith is not apparent. State Automobile Mutual Insurance Company of Columbus, Ohio, v. York, 4 Cir., 104 F.2d 730. And when reasonable minds may differ as to the intent of the insured in furnishing false information to the company the question of cooperation should be submitted to the trier of fact. Commercial Standard Insurance Co. v. Readnour, 10 Cir., 241 F.2d 14. But where deliberate misstatements are made by the insured which materially harm the company or aid the claimant the policy is voidable by the company. State Farm Mutual Automobile Insurance Co. v. Bonacci, supra, and Commercial Standard Insurance Co. v. Readnour, supra.
 
 
 11
 There can be no doubt that in the instant case Johnston's admitted 'pack of lies' concerning his submission to Missouri process was intended both to mislead the appellee company and to further and aid his collusive understanding with the claimant's counsel. He had consulted with opposing counsel, agreed to lend himself to that attorney's desires, did so, and then falsely testified concerning the arrangement in order to hide the collusion. Upon so clear a showing the insurance company is not bound to defend the case to completion and then show whereby the result would have been different with a cooperative witness. 'Such conditions would be robbed of nearly all practical value if in applying them the question of the validity of the professed claim must be investigated. For the purpose of protecting the company against collusion in regard to fabricated or unfounded claims, it is necessary that the conditions should exclude the possibility of such conduct in connection with any claim of any character.' American Automobile Insurance Co. v. Fidelity and Casualty Company of New York, 159 Md. 631, 152 A. 523, 526.
 
 
 12
 Johnston's failure to cooperate with appellee consists not only in his lack of veracity but in his active cooperation with the attorney Farabi. Voluntary submission to process, even though collusive, may not prejudice the defense of litigation to such extent as to amount to a violation of the cooperation clause as where substituted or other service may bring the parties before the same court, Marcum v. State Automobile Mutual Insurance Co., 134 W.Va. 144, 59 S.E.2d 433. And the legal consequences of collusive service may be waived by the company, Ohio Casualty Insurance Co. v. Beckwith, 5 Cir.,74 F.2d 75. But where collusive service to which the insured would not otherwise be amenable is combined with outright falsehood, the combination certainly does not spell out cooperation, Ems v. Continental Automobile Insurance Ass'n, Mo.App., 284 S.W. 824; Buckner v. Buckner, 207 Wis. 303, 241 N.W. 342; Metropolitan Casualty Co. v. Richardson, D.C.S.D.Ill., 81 F.Supp. 310.
 
 
 13
 Appellants assert however that Kansas law, the interpretation of which must govern this case, is not in accord with the foregoing, citing Jameson v. Farmers Mutual Automobile Ins. Co., Inc., 181 Kan. 120, 309 P.2d 394. In that case the Supreme Court of Kansas held that an insurer cannot disclaim liability under a claim of lack of cooperation by the insured from their inability to locate the policy holder before trial unless substantial and actual prejudice in defending the action is shown. In so holding Kansas follows a line of cases dealing with the voluntary disappearance of the insured prior to trial as an exception to the general principles established in this field. See Appleman, Insurance Law and Practice, sec. 4784, pp. 182, 183, and cases cited in notes 39, 40, 41, 42, and 43. Because of the fact that the insured's unavailability as a witness if viewed as a breach of the cooperation clause would offer temptation to the insurer to spirit him beyond the jurisdiction of the court, these cases have sought to prevent such a result by placing the burden upon the insurer to show that its case was adversely affected by his disappearance.
 
 
 14
 These cases do not affect the established doctrine that the cooperation clause will be deemed to be violated if the insured by collusive conduct appears to be assisting the claimant in the maintenance of his suit rather than the insurer. See Bagley v. Lumbermens Mutual Casualty Co., 99 Colo. 300, 62 P.2d 469; Buckner v. Buckner, supra; Storer v. Ocean Accident & Guarantee Corp., 6 Cir., 80 F.2d 470; State Automobile Mutual Ins. Co. v. York, supra; State Farm Mutual Automobile Ins. Co. v. Bonacci, supra.
 
 
 15
 Affirmed.
 
 
 16
 PICKETT, Circuit Judge (dissenting).
 
 
 17
 The insurance policy in question here provides that 'The Insured shall cooperate with the Company and, upon Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * *' No claim is made that the insured failed to perform any of the requirements enumerated in the foregoing clause. Although the provisions of the policy do not prohibit the insured from accepting service in any jurisdiction, the trial court held that the insurance company was relieved of liability only because of the manner in which service of process was obtained in a jurisdiction in which the insured did not reside. Granting that the service of process in Missouri was collusive, I find nothing in the record which would sustain a finding that the insured's conduct in arranging to be served in Missouri was a fraud upon the insurance company, that it violated any provisions of the policy, or that it was material or prejudicial in any way to the defense of the actions. There is no hint that the insured refused to cooperate in defending the actions. The insured did not know the injured parties, and the desire to have the cases tried in a jurisdiction other than that of his residence was personal. The same is true as to the action brought in a Kansas county adjoining the one in which the insured resided. Neither of these cases was tried, and the action is now pending in the county in which the insured resides, where the insurance company is free to present any available defense. So far as the record discloses, the insured has complied with the cooperation clause of the policy in this pending suit.
 
 
 18
 The causes of action were transitory in nature, and such actions could be maintained at any place where service could be obtained upon the insured. Elliott v. Johnston, 365 Mo. 881, 292 S.W.2d 589. This is true even though the defense is more costly and inconvenient. Bavuso v. Angwin, 166 Kan. 469, 201 P.2d 1057. If service upon the insured had been valid in a jurisdiction other than that of his residence, it would have been necessary for the insurance company to defend the actions. The Missouri Circuit Court held that service was had in Missouri as a result of a conspiracy between the attorney for the injured parties and the insured, which amounted to a fraud upon the Missouri courts. But, the Supreme Court of Missouri affirmed the decision not because of collusion or fraud upon the court, but upon the right to apply the doctrine of forum non conveniens in transitory actions without statutory authority. Elliott v. Johnston, supra (365 Mo. 881, 292 S.W.2d 592). The court said: * * * 'there was no fraud in its true meaning in the filing of the suits in Vernon County and the procurement of the service of process.' It was further stated that 'The plaintiffs had existing claims against Johnston 'under the law of another state' and could therefore institute their actions in Missouri, providing they were able to obtain service of process upon the defendant. * * * 'It is not a fraud to do what the law permits', * * *.' The effect of the decision, I think, is that there was nothing wrong in bringing the actions and accepting service in Missouri. The court said: 'So, there was appropriate venue and personal service of process and the Circuit Court of Vernon County had jurisdiction of the parties and the subject matter and consequently of the actions * * *.' The case is now pending where the insurance company says it should have been brought in the first instance, with no showing that the activities in Missouri injured or prejudiced it in any way.
 
 
 19
 The trial court concluded as a matter of law, that the cooperation clause was violated when the insured conspired with the injured parties to subject himself to service of summons in Missouri and in Crawford County, Kansas, and by giving the insurance company's representative false and misleading information in connection with the service.[1] We held in State Farm Mutual Automobile Ins. Co. v. Koval, 10 Cir., 146 F.2d 118, 120, that 'Under the weight of authority, to constitute a breach of a cooperation clause by the insured, there must be a lack of cooperation in some substantial and material respect that results in prejudice to the insurer; whether there has been such a breach is a question of fact; and such a breach is an affirmative defense, the burden of establishing which rests on the insurer.' See also State Farm Mut. Auto Ins. Co. v. Palmer, 9 Cir., 237 F.2d 887; Standard Accident Ins. Co. of Detroit, Mich., v. Winget, 9 Cir., 197 F.2d 97; 29 Am.Jur., Ins., 789; Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 6, Part 2, 4059, pp. 78-81. Considering the entire record, and all the possible results from the conduct of the insured, I am of the view that there is no substantial evidence which shows that the insurance company has been prejudiced in any way. The case is now ready for trial in the county where apparently the insurance company thinks it should be tried. Unless the insured fails to cooperate in the defense of that action, as required by the policy, there is no reason why the insurance company should be relieved of its obligation under the policy because the insured and the attorney for the injured parties colluded to have the action tried in another jurisdiction, which collusion had no effect upon the defense to the actions. The end result is that the insurance company got what it wanted. I would reverse the judgment.
 
 
 
 [1]
 Metropolitan Cas. Ins. Co. v. Johnston, 146 F.Supp. 5
 
 
 [2]
 'The Insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation nor incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.'
 
 
 [3]
 Farabi appeared upon the brief filed in this court but did not argue the case. None of the conduct attributed to Farabi was participated in by Edward V. Sweeney, who presented the matter on appeal for appellants
 
 
 [1]
 The so-called 'pack of lies' of the insured related only to the reasons for agreeing to submit to service of process away from his residence. They had nothing to do with the defense to the actions