Mary P. GRADY, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 7773.

United States Court of Appeals Fourth Circuit.

Argued Jan. 19, 1959.

Decided March 12, 1959.

Maurice Steingold, Norfolk, Va. (Steingold, Steingold & Chovitz, Norfolk, Va., on brief), for appellant.

Jack E. Greer and Lawson Worrell, Jr., Norfolk, Va. (Williams, Cocke, Worrell & Kelly, Norfolk, Va., on brief), for appellee.

Before SOPER, Circuit Judge, and PAUL and BOREMAN, District Judges.

SOPER, Circuit Judge.

This appeal was taken from an order of the District Court whereby the complaint of Mary P. Grady against the State Farm Mutual Automobile Insurance Company was dismissed. The plaintiff had secured a judgment for $7500 against James L. Hansen in the Court of Law and Chancery of the City of Norfolk, Virginia, for injuries sustained in an accident while she was a guest in an automobile driven by Hansen with the owner's permission. The owner was the holder of an insurance policy covering the car which defined the insured as the named insured and also any person while using the car with the permission of the named insured. The policy provided, in part, under paragraph 14 of the Conditions as follows:

" * * * The insured shall co-operate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * * "

The policy also provided that no action should lie against the Company unless, as a condition precedent thereto, there should have been full compliance with all the terms of the policy. The District Judge dismissed the complaint on the ground that the Company was relieved from liability because Hansen had failed to comply with the "cooperation clause" of the contract and the question for decision is whether this action was justified under the undisputed facts set out in the pleadings.

The case was submitted to the court upon complaint and answer and each party moved for summary judgment in its favor. The pleadings show that the insurance policy was in effect on July 19, 1955, when the accident occurred, and that on August 16, 1955, the plaintiff brought suit against Hansen for damages for personal injuries, as stated above. The suit papers were turned over to the Company which mailed a letter to Hansen, who was then residing at 119 High Street in Norfolk, informing him that attorneys had been retained to represent him and that they were entitled to his complete cooperation and that any change of his address should be reported to them.

The attorneys for the Company thereupon entered an appearance on Hansen's behalf and undertook the defense of the case, and negotiated with the attorney for the plaintiff for a settlement but without success. On October 20, 1955, the Company's attorneys notified Hansen by letter, mailed to his Norfolk address, that his case had been set for trial on December 19, 1955, and asked for an acknowledgment; but the letter was returned by the Post Office marked "Unknown". The Company then made an investigation by inquiring at 119 High Street, Norfolk, and by inquiring of

Hansen's employer, the Norfolk and Western Railway Company, and learned that Hansen had moved from this address without leaving any forwarding address and had terminated his employment. On October 28, 1955, the Company, having received information that Hansen might have moved to El Centro, California, wrote a letter to him at that city and requested that he make contact with the Company. No answer to this letter was received. Thereafter, on November 8, 1955, the Company wrote again to Hansen at his Norfolk address with copies in care of General Delivery, El Centro, California, and in care of the Norfolk and Western Railway Company at Norfolk, Virginia, setting forth the necessity of his complying with the terms of the policy. Hansen did not respond to this letter nor did he at any time give notice to the Company or to its attorneys of his intention to move or of any address at which he might be found.

On December 14, 1955, the case was called for trial but Hansen did not appear or answer upon being called. Thereupon counsel for the Company moved for leave to withdraw from the case and the motion was granted. The attorney for the plaintiff stated he was agreeable to a continuance of the case and the court stated that if the defendant's counsel could assure the court that Hansen would be present at the next term of court, a continuance would be granted; but this assurance could not be given and the plaintiff then proceeded to trial. Prior to the day of the trial the attorneys for the Company did not notify the attorney for the plaintiff that Hansen had moved and could not be located and that the attorneys for the Company intended to withdraw from the case. It does not appear, however, that the plaintiff had in her possession any information which would have led to the discovery of Hansen's whereabouts. The present suit was not instituted until September 23, 1957, and there is no evidence that in the intervening year and nine months either party to the action has had any communication with Hansen or any knowledge of his whereabouts.

It is obvious from this statement of facts that the insured did not cooperate with the Company in the defense of the suit. The plaintiff contends, however, that under the authorities the burden was on the Company to prove the failure to cooperate and that in this case the Company did not make reasonable efforts to secure cooperation when it was needed, and therefore had failed to meet this requirement. See Indemnity Ins. Co. of North America v. Davis, Adm'r, 150 Va. 778, 789, 143 S.E. 328; MacClure v. Accident etc., Ins. Co., 229 N.C. 305, 310, 49 S.E.2d 742; 72 A.L.R. 1453; 98 A.L.R. 1468; 139 A.L.R. 777. It is argued that proof of disappearance alone without any evidence as to its cause is insufficient to establish the defense of non-cooperation. In this respect our decision in Pennsylvania Threshermen & Farmer's Mut. Cas. Ins. Co. v. Owens, 4 Cir., 238 F.2d 549, is relied on. In that case, which arose in Charleston, South Carolina, the insured assisted the company's attorneys in preparing the defense to a suit on an automobile policy, but when the case was about to be reached for trial the company's attorneys learned that he was no longer in Charleston and could not be located although they communicated with his pastor and his wife. They failed, however, to make any inquiry at his last place of employment where his employer or fellow workers might have given a clue to his whereabouts, or at the Post Office to learn if he had left a forwarding address. Moreover, the company was in possession of a statement from the insured indicating that he was to blame for the accident in which the injuries were suffered. Our decision was based largely on the decision of the Supreme Court of South Carolina in Meehan v. Commercial Cas. Ins. Co., 166 S.C. 496, 165 S.E. 194, wherein the court held that evidence lacking in detail was insufficient to prove non-cooperation especially when it was shown that the company suffered no substantial prejudice.

The pending case, however, must be decided in accordance with the law of Virginia, and for this purpose a far more helpful precedent is the recent decision in Cooper v. Employers Mutual Liability Insurance Co., 199 Va. 908, 103 S.E.2d 210, in which, also, the insured failed to appear at the trial and could not be located although the attorneys made efforts to notify him, similar to those of the attorneys in the pending case. Our decision in Pennsylvania Threshermen, supra, was called to the attention of the court, but the court held that the company in the case before it had done all that it could be reasonably expected to do to locate the insured, and also showed that in Virginia, unlike South Carolina, it is not essential for the insurer to show prejudice in order to establish the defense of non-cooperation. There is no substantial difference between the facts in the Cooper case and those in the pending case with respect to the failure of the insured to cooperate—and the same line of reasoning justifies the conclusion reached by the District Judge below.

In State Farm Mutual Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16, the Supreme Court of Virginia emphasized the weight to be given to the condition of cooperation in a policy of insurance in the following terms:

"The provisions requiring notice and cooperation are an 'essential part of the contract of insurance and by the express terms of the policy a failure to comply with its provision forfeits the right of recovery.' Harmon v. Farm Bureau Mutual Automobile Insurance Co., 172 Va. 61, 64, 65, 200 S.E. 616, 618." 189 Va. 913, 925, 55 S.E.2d 16, 20.

" 'Cooperation with the insurer is one of the conditions of the policy. When the condition was broken, the policy was at an end, if the insurer so elected. The case is not one of the breach of a mere covenant, where the consequences may vary with the fluctuations of the damage. There has been a failure to fulfill a condition upon which obligation is dependent.' (Quoted from Coleman v. New Amsterdam Cas. Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443.)" 189 Va. 913, 925, 55 S.E.2d 16, 21.

"The views which we have expressed in prior cases in this jurisdiction with regard to the construction and inviolability of unambiguous voluntary, indemnity contracts, not unreasonable or contrary to public policy, place us in accord with the foregoing authorities." 189 Va. 913, 927, 55 S.E.2d 16, 22.

The plaintiff makes the additional contention that the Company is estopped from denying liability in this case because under the Virginia law it filed with the Division of Motor Vehicles of the State a certificate wherein the Company reported the accident and gave notice that Hansen was covered and protected by the policy in suit. In this connection, the plaintiff relies on Laughnan v. Griffiths, 271 Wis. 247, 73 N.W.2d 587, and Prisuda v. General Cas. Co. of America, 272 Wis. 41, 74 N.W.2d 777, wherein it was held that an insurance company can make itself liable under an automobile policy when, after investigation of the facts of an accident, it files a statement admitting coverage. These decisions, however, are not relevant in the pending case because they relate to assigned risk policies, or policies required by law. They have no bearing on voluntary contracts of insurance such as the policy in the pending case. The certificate in this case merely showed that the policy afforded coverage at the time of the accident but it did not admit liability. See Hoosier Casualty Co. of Indianapolis, Ind. v. Fox, D.C., 102 F.Supp. 214; Farm Bureau Mutual Auto. Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793; Cohen v. Metropolitan Cas. Ins. Co., 233 App. Div. 340, 252 N.Y.S. 841; State Auto Mutual Ins. Co. v. Sinclair, D.C., 96 F. Supp. 267.

Affirmed.